CHILDERS ET AL. *v.* UHRIG ET AL.

[Cite as Childers v. Uhrig (1970), 23 Ohio Misc. 172.]

(No. 232006—Decided February 10, 1970.)

Common Pleas Court of Franklin County.

Mr. Harold E. Wonnell, for plaintiff.
Mr. William L. Schmidt and Mr. Theodore D. Sawyer, for defendants.

WHITESIDE, J.    Heard upon motion of plaintiffs for a new trial.

The objection of plaintiffs appears to be that the court erred in failing to direct a verdict for plaintiff upon the issue of liability and in giving Special Instruction No. 6 upon the issue of sudden emergency.

It appears that the plaintiff's automobile was hit head-on by the automobile driven by the defendant, David L. Uhrig, which was left of center.  Defendant, Uhrig, contended that the car driven by the defendant, Bonnie Jean McMahan, pulled out from a stop intersection in front of him and proceeded in the same lane and in the same direction in which he was traveling necessitating his applying his brakes causing him to skid left of center with the resultant collision.  Defendant Uhrig testified he first saw the McMahan vehicle when he was 60-75 yards south of the intersection and that he could not tell whether she was

stopped or creeping out, and that as he started into the intersection the McMahan vehicle "darted out" in front of him and he applied his brakes with the resultant slide. He also testified that he slowed down as he approached the intersection and was going 35 miles per hour or less when he applied his brakes. The Uhrig vehicle did not collide with the McMahan vehicle which remained ahead of the Uhrig vehicle at all times. The collision occurred about 114 feet north of the intersection and there were skid marks of approximately 124 feet left by the Uhrig vehicle. Defendant McMahan testified she stopped for the stop sign and looked before making her turn from Clime Road onto Georgesville Road but did not see the Uhrig vehicle, heard the collision behind her and stopped. During the trial a settlement was reached between the plaintiff and defendant McMahan and she was dismissed as a party.

Sections 4511.25 and 4511.26, Revised Code, impose a mandatory duty upon the operator of a motor vehicle to drive solely upon the right half of a roadway except under certain specified exceptions not present in this case, and an unexcused failure to do so constitutes negligence per se. *Peters* v. *B. & F. Transfer Co.,* 7 Ohio St. 2d 143; *Oechsle* v. *Hart,* 12 Ohio St. 2d 29.

In order for a sudden emergency to excuse compliance with this mandatory duty, the person seeking such avoidance must prove by a preponderance of the evidence that compliance with the statute was rendered impossible by the existence of a sudden emergency arising without his fault and because of circumstances over which he had no control and that he exercised such care as a reasonably prudent person would have under the circumstances. *Satterthwaite* v. *Morgan,* 141 Ohio St. 447; *Spalding* v. *Waxler,* 2 Ohio St. 2d 1; *Peters* v. *B. & F. Transfer Co.,* 7 Ohio St. 2d 143; *Francis* v. *Bieber,* 10 Ohio St. 2d 65; *Oechsle* v. *Hart,* 12 Ohio St. 2d 29; *Radecki* v. *Lammers,* 15 Ohio St. 2d 101.

In three of those cases, the *Satterthwaite case,* the *Francis case,* and the *Radecki case, supra,* the Supreme Court found the issue of sudden emergency to be one for

the jury. In the *Oechsle case, supra,* at 12 Ohio St. 2d 32, the Supreme Court commented:

"* * * Defendant in her own brief adequately distinguishes the difference between two of those cases and the case at bar when she states:

" 'The single difference between [the] *Satterthwaite* and *Francis* cases and the case at bar is the involvement of a third person *who contributed to initiate the motorist's skid on icy pavement.'* (Emphasis supplied.)"

The only difference between the instant case and the *Satterthwaite* and *Francis* cases, *supra,* is that in those cases the third person became static after entering the path of the motorist whereas in the instant case the third person (defendant McMahan) continued to move in the same direction as the defendant Uhrig, after entering his path. Accordingly, the difference is *at most* only one of degree. The court, therefore, concludes that the issue of sudden emergency was presented by the evidence and constituted a question of fact to be submitted to the jury.

Plaintiffs also objected to the Special Instruction No. 6 as given. Special Instruction No. 6 read as follows:

"The defendant David L. Uhrig claims that although he violated a statute of the State of Ohio in crossing left of the center line this action was not negligence because he was faced with a sudden emergency.

"A sudden emergency is a happening that was sudden, could not have been anticipated and was not created by the defendant. If you find that a sudden emergency existed, the defendant is excused from a violation of the statute. If such occurrence was not sudden, or if it could have been reasonably anticipated, or if defendant created the emergency himself, then negligence of the defendant is not excused.

"If you find by a preponderance of the evidence that a sudden emergency did exist in that the defendant, Bonnie Jean McMahan, operated her vehicle into the northbound portion of Georgesville Road in front of the car operated by David L. Uhrig in such a manner as to create an emergency situation with respect to his operation of his car,

although he is excused from complying with the statute he is still required to use ordinary care under the circumstances. The danger, confusion and excitement of the situation along with the other facts will be considered in determining whether ordinary care was used.

"You will not look back from what you know today to determine if the defendant David L. Uhrig could have avoided the accident. You are only to determine if his actions were those of a reasonably prudent person in the presence of such an emergency, as you find existed.

"If you find that the defendant David L. Uhrig used ordinary care in an emergency situation he was not negligent in this respect and your verdict must be for the defendant David L. Uhrig."

The court concludes that Special Instruction No. 6 was not a correct statement of the law and was misleading.

In *Satterthwaite* v. *Morgan*, 141 Ohio St. 447, the second and third paragraphs of the syllabus read as follows:

"2. An operator of a motor vehicle who has failed to comply with a safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible.

"3. When a defendant offers evidence of facts from which it may be inferred that his violation of such legal requirement was due to the existence of a sudden emergency arising without his fault, the questions of his liability in the premise, and of the proximate cause of injury resulting from such violation, are for the jury."

Thus, as stated above one of the requirements for application of the sudden emergency doctrine is that the defendant establish that "without his fault and because of circumstances over which he had no control, *compliance with the statute was rendered impossible.*" *Satterthwaite case, supra.* (Emphasis supplied.)

Under Special Instruction No. 6 the defendant would not be required to prove that compliance with the statute (not to drive left of center) was rendered impossible but

merely that an emergency was created without his fault and that he used ordinary care in the face of the danger, confusion and excitement of the situation. In fact the instruction expressly states that "if you find that a sudden emergency existed, the defendant is excused from a violation of the statute." However, a correct statement of the law would be "if you find that a sudden emergency existed which made compliance with the statute impossible for a reasonably prudent person, the defendant is excused from a violation of the statute."

The third paragraph of the Special Instruction No. 6 is misleading and confusing. It reads in part:

"If you find * * * that a sudden emergency existed *in that the defendant*, Bonnie Jean McMahan, *operated her vehicle* into the northbound portion of Georgesville Road in front of the car operated by David L. Uhrig *in such a manner as to create an emergency situation* with respect to his operation of his car * * *." (Emphasis supplied.)

This portion of the instruction would well have caused the jury to believe that the court was instructing the jury that defendant McMahan did operate her vehicle in such a manner as to create an emergency situation, whereas the jury should have been instructed that this was one of the facts that they were required to determine.

The fourth paragraph of the instruction reads:

"*You will not look back from what you know today to determine if the defendant David L. Uhrig could have avoided the accident.* You are only to determine if his actions were those of a reasonably prudent person in the presence of such an emergency, as you find existed."

Again this portion of the instruction appears to be instructing the jury that they were not required to determine whether or not an emergency existed. It also is misleading because it instructs the jury that they are not to look back from what they know today, which is the only way the jury could consider the evidence. Furthermore, it is incorrect, because the issue of whether a reasonably prudent person would have avoided the accident was a question for the jury.

Likewise, the last paragraph of the instruction is mis-

leading in that, it also implies that the jury is not required to determine whether an emergency existed which made compliance with the statute impossible for a reasonably prudent person. While an instruction must be read as a whole to determine whether it is a correct statement of law or misleading, reading Special Instruction No. 6 as a whole does not clarify the instruction. Taken as a whole, it is misleading and confusing and an incorrect statement of the law. Thus, the court erred in giving Special Instruction No. 6 over the objection of plaintiffs.

The court is not unmindful of the fact that, with the exception of language added to the third paragraph, Special Instruction No. 6, reads essentially as that set forth in 7.18 of Ohio Jury Instructions. However, the court is also of the opinion that the O. J. I. instruction is also incorrect and misleading for the reasons set forth above.

The confusion that exists apparently results from an effort to incorporate the usual instruction on the issue of ordinary negligence in an emergency situation with the issue of sudden emergency justifying noncompliance with a mandatory safety statute. This court is of the opinion that the correct rule with regard to the latter is that noncompliance with the statute is excused only if the defendant proves that without fault on his part and because of circumstances which he could not reasonably have anticipated and over which he had no control, a sudden emergency occurred which rendered it impossible for him both to comply with the statute and to act in the manner a reasonably prudent person would when faced with such a sudden emergency. Thus, it is only where compliance with the statute becomes inconsistent with the exercise of ordinary care that noncompliance with the statute is excused.

Accordingly, the court finds that it committed error prejudicial to the plaintiffs in giving Special Instruction No. 6, and the plaintiffs' motion for a new trial is sustained.

*Motion sustained.*