SPALDING, APPELLANT, *v.* WAXLER; OATES, APPELLEE.

2

(No. 38676—Decided March 31, 1965.)

Messrs. *Kaylor & McKinley* and *Mr. Richard W. Penn,* for appellant.

*Mr. Paul T. Mahon* and *Mr. Charles Van Dyne,* for appellee.

MATTHIAS, J. It is conceded that the truck operated by defendant collided with the rear of an automobile proceeding ahead of it, crossed over the center line and collided with the automobile in which plaintiff was a passenger.

Defendant thereby failed to stop within the assured clear distance ahead as required by Section 4511.21, Revised Code. He also failed to drive his vehicle on the right side of the roadway and did not give one half of the roadway to the vehicle in which plaintiff was a passenger, in violation of the requirements of Sections 4511.25 and 4511.26, Revised Code.

These sections were enacted for the public safety and establish specific requirements to be followed by operators of motor vehicles. Any unexcused failure to comply with these requirements constitutes negligence per se. Paragraph two of the syllabus of *Kormos* v. *Cleveland Retail Credit Men's Co.,* 131 Ohio St. 471 (assured clear distance ahead); *Skinner* v. *Penna. Rd. Co.,* 127 Ohio St. 69 (assured clear distance ahead); paragraph six of the syllabus of *Brandt* v. *Mansfield Rapid Transit, Inc.,* 153 Ohio St. 429 (center line); paragraph one of the syllabus of *Mahoning Savings & Trust Co., Exr.,* v. *Kellner, Admx.,* 131 Ohio St. 69 (center line).

Defendant contends that his failure to comply with the requirements of the above statutes is excused by the sudden emergency caused by the failure of his foot brake.

The issue to be determined by this appeal is whether the failure of his foot brake is a legal excuse which would enable the defendant to avoid the imputation of negligence per se.

To constitute a legal excuse for failure to comply with a

safety statute, it is not enough for defendant to show that he acted as a reasonably prudent person would have acted under the circumstances. The required standard of care has been specified by the General Assembly, and the specific requirements of the statute have replaced the rule of ordinary care. *Kehrer* v. *McKittrick,* 176 Ohio St. 192, 194; Prosser, Torts (3 Ed.) 191, Section 35.

"Some statutes, such as traffic laws, are enacted * * * to prescribe uniform and certain rules of conduct in the interest of safety. Such rules are authoritative declarations as to how persons shall act, and must be observed * * *. * * * In such a field, 'when the Legislature has spoken, the standard of care required is no longer what the reasonably prudent man would do under the circumstances, but what the Legislature has commanded.' " Traynor, J., concurring in *Satterlee* v. *Orange Glenn School Dist.,* 29 Cal. 2d 581, 596, 177 P. 2d 279, 287.

In order to avoid liability for injuries resulting from his failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways, a motorist must show that something over which he had no control or an emergency not of his making made it impossible for him to comply with the statute. Paragraph two of the syllabus of *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St. 657; paragraph two of the syllabus of *Hangen, a Minor,* v. *Hadfield,* 135 Ohio St. 281. What a reasonbly prudent person would have done under the circumstances is immaterial.

Section 4513.20, Revised Code, establishes what constitutes adequate brakes for motor vehicles on the public highways. This section provides, in part, as follows:

"(A) Every * * * motor vehicle * * * when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such * * * motor vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, then on such * * * motor vehicles manufactured or assembled after January 1, 1942, they shall be so constructed that failure of any one part of the

operating mechansim shall not leave the * * * motor vehicle without brakes on at least two wheels.
"* * *

"(G) Every * * * motor vehicle * * * shall be capable at all times and under all conditions of loading of being stopped on a dry, smooth, level road free from loose material, upon application of the service or foot brake, within the following specified distances, or shall be capable of being decelerated at a sustained rate corresponding to these distances:

"(1)  * * * vehicles * * * having brakes on all wheels shall come to a stop in thirty feet or less from a speed of twenty miles per hour.

"(2)  Vehicles * * * not having brakes on all wheels shall come to a stop in forty feet or less from a speed of twenty miles per hour.

"(H)  All brakes shall be maintained in good working order * * *."

This section was enacted for the public safety (see *State* v. *Kotapish,* 171 Ohio St. 349; *Kehrer* v. *McKittrick,* 176 Ohio St. 192, 195) and imposes a specific duty on operators of motor vehicles on the public highways to have brakes capable of stopping within specified distances; to have two separate means of applying the brakes; and to maintain them in good working order. Any unexcused violation is, therefore, negligence per se. Paragraph two of the syllabus of *Eisenhuth* v. *Moneyhon,* 161 Ohio St. 367. See, also, annotation, 170 A. L. R. 611, 661, and cases cited therein; *Prunty* v. *Vandenberg,* 257 Wis. 469, 44 N. W. 2d 246; and *Nettleton* v. *James,* 212 Ore. 375, 319 P. 2d 879.

An emergency which will relieve a motorist of his duty to comply with a safety statute regulating vehicular traffic must arise as the result of something over which he has no control. A self-created emergency, one arising from the driver's own conduct or from circumstances under his control, cannot serve as an excuse.

It is on this basis that the case of *Satterthwaite* v. *Morgan,* 141 Ohio St. 447, on which defendant relies, is distinguishable from the instant case. In *Satterthwaite,* the defendant was traveling in the lane nearest the center line. A taxicab, which had been parked, pulled in front of defendant and stopped. De-

fendant was unable to go to his right because of cars moving abreast of him. He applied his brakes, and the car skidded on the slippery pavement to his left across the center line where it collided with the vehicle driven by plaintiff. The court held that it was a jury question as to whether defendant had established that "without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible."

In that case, the emergency was caused by the wrongful conduct of a third person, the taxicab driver. In the instant case, the emergency was due to the inadequacy of defendant's foot brake. Defendant cannot validly contend that having brakes which were not in good working order was a circumstance over which he had no control. He has a statutory duty to maintain them in good working order at all times. An emergency caused by his failure to comply with such statutory duty is a self-created emergency.

The burden of proving the legal excuse is upon defendant. See paragraph three of the syllabus of *Lehman* v. *Haynam*, 164 Ohio St. 595. In the instant case, defendant offered evidence from which it could be inferred that immediately prior to the collision the foot brake failed to work, and that ordinary care was exercised in maintaining the brakes on the truck. This evidence falls short of what is required to constitute a legal excuse. It also discloses a violation of the brake-equipment statute, since the foot brake was not in good working condition at the time of the collision.

One who operates a motor vehicle has a mandatory duty to maintain both means of applying the brakes in good working order at all times. Proof that he exercised ordinary care in maintaining the brakes is not sufficient to constitute compliance. If the operator has not maintained the brakes in such a condition that they are adequate to control the movement of and to stop and hold his vehicle, he has failed to comply with the brake-equipment statute. Defendant cannot excuse his violation of the assured-clear-distance-ahead statute or the center-line statutes by showing circumstances which constituted a violation of the brake-equipment statute.

The requirements of the brake-equipment statute are spe-

cific and mandatory. The operator of a motor vehicle *must* maintain his brakes in good working order at all times. Under the statutory language, brake failure cannot be a legal excuse for the failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways.

What Judge Stewart said in his opinion in *Bickel* v. *American Can Co.,* 154 Ohio St. 380, with reference to the assured-clear-distance-ahead statute is also pertinent to the statute governing brake equipment:

"It may be said that in a case like the present one the * * * statute creates a harsh rule, and that is true. It is a rule, however, not formulated by the courts but declared by an enactment of the General Assembly which doubtless had in mind the creation of a hard and strict rule of conduct in order to attempt to lessen the tragic increase of automobile casualties which so grievously afflict this nation."

The rule seems less harsh if we look at it from the point of view of the injured plaintiff. He was a passenger in a car proceeding in a lawful manner and which was struck head-on by a vehicle on the wrong side of the road. Plaintiff was entirely free from fault. A rule which would make him bear the expense of his injuries would be more harsh than the present one.

From the evidence in this case, there was no excuse sufficient in law for noncompliance with either the assured-clear-distance-ahead statute or the center-line statutes. The trial court was correct in withdrawing that issue from the jury. The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

*Judgment reversed.*

TAFT, C. J., O'NEILL, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., concurs in paragraphs one, two, three, four and six of the syllabus and in the judgment.

ZIMMERMAN, J., dissents for the reasons expressed in his dissenting opinion in *Bird* v. *Hart,* 2 Ohio St. 2d 9 at pg. 11.