Francis, Appellant, v. Bieber, Appellee.

[Cite as Francis v. Bieber, 10 Ohio St. 2d 65.]

(No. 40114—Decided April 5, 1967.)

*Mr. Walter L. Greene,* for appellant.
*Messrs. Bostwick, Hall & Canfield* and *Mr. Charles H. Hall,* for appellee.

HERBERT, J. The defendant interposes three defenses: (1) Contributory negligence, (2) sudden emergency, and (3) last clear chance. The testimony and evidence are sharply conflicting. There is evidence, if believed by the jury, sufficient to support a finding that the plaintiff was negligent, and that his negligence contributed proximately to his injury. There is testimony that the two cars at the bottom of the hill were without lights, and, to the contrary, there was evidence that parking lights as well as the headlights were lighted. It is conceded that

the two cars at the bottom of the hill were south of the center line of the road, but the record fails to locate them with certainty. The episode was not expected by either of the parties or the witnesses and consumed but few seconds.

The defense of "sudden emergency" presents both questions of fact and of law. 39 Ohio Jurisprudence 2d 557, Section 46, reads as follows:

"It is recognized that the violation of a statute or ordinance with which compliance is impossible does not constitute negligence. The courts will not attempt to enforce the provisions of a statute which are impossible of fulfilment, for the courts will presume that the Legislature did not intend to do an absurd or impossible thing. However, a legal excuse, precluding liability for injuries resulting from negligence *per se* in the failure to comply with a safety legislative enactment directing the manner of the operation of a motor vehicle on the public highway, must be something which makes it impossible to comply with the safety legislative enactment, something over which the driver has no control, an emergency not of the driver's making causing failure to obey the statute, or an excuse or exception specifically provided in the enactment itself."

The second paragraph of the syllabus in *Kohn, Admx.,* v. *B. F. Goodrich Co.,* 139 Ohio St. 141, reads:

"It is prejudicial error for the trial court, in an action for wrongful death alleged to have been caused by defendant's negligence, to instruct the jury at plaintiff's request that a violation of * * * [Section 4511.25, Revised Code], which requires that motor vehicles shall keep to the right side of the center line of the highway, is negligence *per se,* without explaining to the jury in some instruction or in the general charge what would or would not constitute a violation of the statute."

In the opinion, at page 147, Judge Williams states:

"* * * A safety statute does not require the driver of a motor vehicle to do the impossible. * * *"

In a dissenting opinion in the case of *Bird* v. *Hart,* 2 Ohio St. 2d 9, 11, Judge Zimmerman said:

"To my way of thinking, whether a particular occurrence involving a sudden, unexpected and unforeseen failure of motor vehicle equipment may constitute an unavoidable accident is a

factual question for determination by the trier of the facts. * * *,,

The third paragraph of the syllabus in *Kormos* v. *Cleveland Retail Credit Men's Co.*, 131 Ohio St. 471, reads:

"An operator who has failed to comply with the 'assured clear distance' statute may excuse such failure and avoid the legal imputation of negligence *per se* by establishing that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible."

In the opinion, at page 475, it is stated that:

" 'In other words, accurately speaking, where a statute or ordinance has fixed the standard of care, the failure to observe such standard is negligence, and when in a trial of a case—the other elements being proven—it is shown that the defendant failed to observe the standard of care thus fixed, *a case is made for the jury in the first instance.* * * *' ' " (Emphasis added.) See second paragraph of the syllabus of *Smiley* v. *Arrow Spring Bed Co.*, 138 Ohio St. 81.

In the case at bar there is evidence that defendant, driving an autombobile at 20 miles per hour (well below the 35 mile prima facie speed limit), was proceeding upward and approaching the crest of a hill traveling westerly on a road 16 feet in width. As she started to descend on the other side of the crest she noted two automobiles, one at the rear of the other, standing stationary on the opposite side of the center line of the road. There were no lights displayed on either of these cars. Someone stepped across the center line into the lane of the defendant waving a lighted flashlight. Defendant immediately applied her brakes. Her car skidded sideways and forward on the "icy and snowy" road, and out of her control. Her car struck the lead car of the two stationary vehicles, then swung around, causing injury to the plaintiff. There is sufficient evidence of record to satisfy the jury that the defendant was without fault and found herself suddenly confronted by circumstances beyond her control.

The decision of the trial court to submit the issue of "sudden emergency" to the jury followed the long established law of Ohio. This procedure was not error. The verdict of the jury is supported by the evidence.

70

No evidence having been offered in support of the defense of last clear chance, it need not be considered.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., MATTHIAS and O'NEILL, JJ., concur in paragraph four of the syllabus and in the judgment.