ZEHE, APPELLANT, *v.* FALKNER, APPELLEE.

[Cite as Zehe v. Falkner (1971), 26 Ohio St. 2d 258.]

(No. 70-204—Decided June 23, 1971.)

*Mr. Milton Dunn* and *Mr. Francis J. Ebenger,* for appellant.

*Mr. William R. Hewitt,* for appellee.

LEACH, J. The basic questions presented to this court are (1) whether a motorist who crosses the center line attempting to pass another vehicle and thereby collides with an oncoming vehicle is negligent per se under the provisions of R. C. 4511.25 and R. C. 4511.29 and (2) whether the trial court committed prejudicial error when it charged the jury as to the defense of sudden emergency.

As to the first question, R. C. 4511.25 establishes a motorist's right to pass another vehicle. This section provides that:

"Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway, except as follows:

"(A) . When overtaking and passing another vehicle proceeding in the same direction * * *."

This statute must be read in conjunction with R. C. 4511.29 (left of center) which establishes the duties of a motorist when he is overtaking and passing a fellow motorist. R. C. 4511.29 provides:

"No vehicle * * * shall be *driven to the left of the center* or center line of the roadway in overtaking and passing traffic proceeding in the same direction, *unless such left side* is clearly visible and *is free of oncoming traffic* for a sufficient distance ahead to permit such overtaking and passing to be completely made, *without interfering with the safe operation of any traffic approaching from the opposite direction * * *."* (Emphasis supplied.)

Those statutes specifically define the obligation of a passing motorist. In Ohio, it is a well settled principle of law that violation of a specific safety statute, absent a showing of some legal excuse for failure to comply with the conduct required by the statute, constitutes negligence

per se. *Spalding* v. *Waxler* (1965), 2 Ohio St. 2d 1; *Oechsle* v. *Hart* (1967), 12 Ohio St. 2d 29.

In *Spalding,* the defendant's brakes failed and a collision occurred with the car ahead. Defendant was held to have violated the provisions of both R. C. 4511.21 (assured clear distance ahead) and R. C. 4511.25 (left of center), and absent a legal excuse defendant was found to have been negligent per se.

Similarly, in *Oechsle,* defendant's car skidded on an icy or wet spot on the pavement and went left of center, striking another vehicle. This court held that R. C. 4511.25 was a specific safety statute, and its violation, absent a legal excuse, constituted negligence per se.

Defendant argues that the lawfulness of his movement left of center must be determined solely from the facts as they existed at the instant he crossed the center line. He contends that since he did not collide with an oncoming vehicle until some time later, he did comply with the requirements of R. C. 4511.25(A) and 4911.29. A similar argument was rejected by this court in *Mann* v. *Lewis* (1970), 22 Ohio St. 2d 191. Although *Mann* involved application of R. C. 4511.30(C) (passing within 100 feet of an intersection), the language "be driven to the left of the center" is the same as in R. C. 4511.29.

On the basis of *Spalding* and *Oechsle,* it would clearly appear that defendant was negligent per se, unless he has established a legal excuse. Defendant asserts that he was excused by reason of a sudden emergency.

Plaintiff urges that the situation involved herein did not actually arise suddenly and even if it did, defendant either created or contributed to the situation.

Once a motorist has been shown to have violated a specific safety statute, in order to avoid the impact of liability for an ensuing collision, such motorist must show the existence of circumstances which legally excuse his conduct. A showing by such motorist that he was a victim of a sudden emergency will excuse his failure to comply with the statute in question. *Spalding* v. *Waxler, supra*

(2 Ohio St. 2d 1) ; *Francis* v. *Bieber* (1967), 10 Ohio St. 2d 65, *Oechsle* v. *Hart, supra* (12 Ohio St. 2d 29).

However, in order to be classified as a sudden emergency, the situation in question must constitute a sudden and unexpected occurrence or condition which demands prompt action without time for reflection or deliberation. Paragraph six of the syllabus, *Miller* v. *McAllister* (1959), 169 Ohio St. 487. Further, such an emergency must result from something over which the motorist had no control. A self-created emergency, one arising from a driver's own conduct or from circumstances under his control, will not serve as an excuse. Paragraph five of the syllabus of *Spalding* v. *Waxler, supra* (2 Ohio St. 2d 1).

We conclude that the situation before us was not one of *sudden* emergency as envisioned in *Miller, supra.* Here, the danger to be anticipated arose neither suddenly nor unexpectedly. The record discloses that defendant was left of center for at least one minute attempting to pass. Further, he saw plaintiff's vehicle approaching some 600 feet ahead while he was trying to pass this third vehicle for the second time. Still defendant continued his attempt to pass, even though the car which he was attempting to pass has successfully frustrated a previous passing attempt. Was such a situation one which defendant could not foresee and over which he had no time to reflect or deliberate? We think that it was not. Defendant, on notice as to the conduct of the third driver, *chose* to try and complete the act of passing which *he* had initiated. Clearly, defendant had time to deliberate and thus the ensuing emergency was in no sense of the word sudden.

Even if we were to find that this emergency was sudden, it would still be incumbent upon defendant to show that the emergency was not self-created.

Where a specific safety statute is involved, a violation of which constitutes negligence per se, a motorist, in a sudden emergency, must show that it was *impossible* for him to comply with the statute. Paragraph two of the syllabus of *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St.

657. What a reasonably prudent man would have done under the circumstances is immaterial, *Spalding* v. *Waxler, supra* (2 Ohio St. 2d 1, 5).

Such impossibility of compliance has not been shown here. It was defendant who originally chose to pass. It was defendant who chose to pass a second time, even though he had notice that the third car might again frustrate his attempt. There is no evidence that he ever attempted to apply his brakes until sometime after the two cars were within several hundred feet of each other. His efforts to return to his own side of the road involved only deceleration.

Concluding that the trial court erred in charging on sudden emergency, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

O'Neill, C. J., Schneider, Herbert, Duncan, Corrigan and Stern, JJ., concur.