(No. 71-440—Decided May 2, 1972.)

*Messrs. Barkan, Barkan & Neff,* for appellant.
*Messrs. Sebastian, Durst & Marsh,* for appellee.

Strausbaugh, J. This is an appeal by plaintiff from a judgment for defendant in the Common Pleas Court.

The essential facts, which involve the tragic death of Sherri Lynn Nomic who was six years of age on January 14, 1971, when she was killed, are not disputed by the

parties in this case. This is a wrongful death action arising from her death. Sherri, a kindergarten student at J. C. Sommer Elementary School in Grove City, Ohio, at about 7:30 a. m. on that date, was waiting with her brother Steve, age 10, in front of her house, for the school bus. At that time, the defendant, who lived a quarter of a mile further down Zuber Road, was driving her vehicle in an easterly direction on Zuber Road on her way to work. It was dawn, the roads were wet and the defendant had her headlights on. Sherri started toward the road but stopped at least two feet from the road edge. The defendant slammed on her brakes, lost control of her car, skidded off the right side of the road striking Sherri and killing her. Defendant's car skidded a total of 88 feet, going through and ripping down 46 feet of farm fence.

The case came to trial before a jury. The defendant conceded that "* * * there was no question that the defendant drove her vehicle off the right side of the road in violation of Ohio Revised Code Section 4511.25." At plaintiff's request, the jury was charged that the defendant was negligent as a matter of law. Over the objection of plaintiff's counsel, the trial court charged the jury on the defense of sudden emergency. Plaintiff's counsel also submitted written instructions to the court on the loss of companionship of the child which was refused. The jury returned a defense verdict from which judgment the matter comes before us.

Plaintiff's first assignment of error is that:

"The defense of sudden emergency was unwarranted in this case, and the Trial Court committed prejudicial error by charging the jury thereon."

Plaintiff argues that in order to warrant a defense of sudden emergency there must be actual as opposed to anticipated interference with defendant's driving; that what defendant thought was going to interfere with her driving is not sufficient when there is, in fact, no interference with defendant's driving. In other words, plaintiff claims that "anticipated sudden emergency" is not enough to warrant a charge to the jury on sudden emergency; and,

it is prejudicial error for the trial court to charge a jury on the defense of sudden emergency when it is unwarranted.

R. C. 4511.25 provides in part:

"Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway * * *."

In 1946, the Supreme Court, in *Bush* v. *Transfer Co.*, 146 Ohio St. 657, laid down the rule that a motorist in a sudden emergency, when a specific safety statute is involved, constituting negligence per se, must show that it was impossible for him to comply with the statute. In that case, involving an emergency stop due to a blown fuse extinguishing all lights in defendant's truck which was on the west edge of the paved portion of the highway about 300 feet south of the crest of a hill on a highway, the court held, in paragraph 2 of its syllabus:

"A legal excuse, precluding liability for injuries resulting from negligence *per se* in the failure to comply with a safety legislative enactment directing the manner of the operation of a motor vehicle on the public highways, must be something which makes it impossible to comply with the safety legislative enactment, something over which the driver has no control, an emergency not of the driver's making causing failure to obey the statute, or an excuse or exception specifically provided in the enactment itself."

The Supreme Court, in *Satterthwaite* v. *Morgan* (1943), 141 Ohio St. 447, dealt with the fact pattern wherein the defendant, Morgan, Jr., in attempting to make an emergency stop to avoid a collision with defendant taxicab in front of him, skidded left on the slippery pavement and collided with the car of the plaintiff. In that case, the court, in holding that the directing of a verdict for the plaintiff by the trial court was improper, stated in paragraphs 2 and 3 of the syllabus:

"2. An operator of a motor vehicle who has failed to ccmply with a safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establish-

ing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible.

"3. When a defendant offers evidence of facts from which it may be inferred that his violation of such legal requirement was due to the existence of a sudden emergency arising without his fault, the questions of his liability in the premises, and of the proximate cause of injury resulting from such violation, are for the jury."

In the case of *Ventress* v. *Frambes* (1964), 176 Ohio St. 337, the plaintiff was injured when the automobile in which she was a passenger, upon stopping suddenly for a traffic signal, was struck in the rear by the defendant, who skidded due to the slickness of the surface of the street caused by an earlier rain. The court said "Here, there are no facts showing a sudden emergency." Paragraph 2 of the syllabus states:

"2. The facts that an earlier rain left streets wet and that an automobile skidded when the brakes were applied because of the slickness of the street do not excuse the operator of the vehicle from complying with the requirements of Section 4511.21, Revised Code."

In *Spalding* v. *Waxler* (1965), 2 Ohio St. 2d 1, defendant Oates was driving a truck in the same direction and to the rear of Mrs. Layton as she slowed her car to turn right. Oates applied his brakes 50 feet away but failed to stop within the assured clear distance ahead, whereupon the truck glanced off the rear of the Layton car, crossed the center line and collided with the vehicle in which plaintiff was a passenger. The defendant denied negligence, claiming that the collision resulted from the sudden failure of his foot brake, but the trial court instructed the jury that brake failure would not excuse the violation of either the assured-clear-distance-ahead statute or the center-line statute. The jury returned a verdict in favor of plaintiff. In reversing the reversal by the court of appeals, Justice Matthias distinguished *Satterthwaite, supra,* in that in the latter case the emergency was caused by the wrongful conduct of a third person, the taxi driver, where-

as in *Spalding* the emergency was due to the inadequacy of defendant's foot brake. It stated, at page 7:

"* * * Defendant cannot validly contend that having brakes which were not in good working order was a circumstance over which he had no control. He has a statutory duty to maintain them in good working order at all times. An emergency caused by his failure to comply with such statutory duty is a self-created emergency."

In *Bird* v. *Hart* (1965), 2 Ohio St. 2d 9, in a case involving facts similar to *Spalding,* the Supreme Court held that brake failure was a self-created emergency and cannot serve as a legal excuse for failure to comply with the assured-clear-distance-ahead provision of R. C. 4511.21; that the defendant was negligent as a matter of law; and, that the trial court should have directed verdicts in favor of plaintiffs on the questions of liability.

The Supreme Court approved and followed paragraph 5 of the syllabus of *Spalding, supra,* in paragraph 4 of the syllabus of *Peters* v. *B. & F. Transfer Co.* (1966), 7 Ohio St. 2d 143. At page 148, 149, Justice Matthias stated:

"* * * [I]t is conceded that the automobile operated by plaintiff crossed over the center line of U. S. Highway 42 before the collision, and that the collision occurred entirely within the northbound (defendant's) lane of travel. It is conceded further that plaintiff could give no explanation for crossing the center line other than a showing that a wet or icy spot covered her side of the road some 350 feet north of the point of impact. Under this set of facts, plaintiff clearly violated Sections 4511.25 and 4511.26, Revised Code, which impose a mandatory duty upon the operator of a vehicle to drive solely upon the right half of a roadway except under certain circumstances, none of which are applicable here.

"These sections were enacted for the public safety and set unequivocal standards. Any unexcused failure to comply with these standards constitutes negligence per se under the rule pronounced in *Spalding* v. *Waxler,* 2 Ohio St. 2d 1, and the burden of proving the legal excuse rests upon the one who has violated the statute. In the

instant case, plaintiff has made no showing whatsoever that something over which she had no control or an emergency not of her own making made it impossible for her to comply with the statutory duty. In fact plaintiff herself is unable to account for the happening and relies solely upon the independent testimony that there was a wet or icy spot on her side of the road. This evidence falls short of what is required to constitute a legal excuse. One who operates a motor vehicle is under a mandatory statutory duty to drive upon the right side of the roadway. The fact that a wet or icy spot may have caused plaintiff to lose control of her car is not a sufficient legal excuse to sanction her driving on the wrong side of the road in violation of Sections 4511.25 and 4511.26, Revised Code. * * *''

In *Francis* v. *Bieber* (1967), 10 Ohio St. 2d 65, the Supreme Court held, after affirming their holding in *Spalding,* at paragraphs 3 and 4 of the syllabus, as follows:

''3. Where a defendant motorist, at about 1 a. m., is driving in a two-lane highway, covered with snow and ice, and proceeding over the crest of a hill sees two parked cars occupying a portion of the opposite lane of travel and a person waving a flashlight stepping into the motorist's lane of travel and the defendant, in an attempt to avoid striking such person, applies the brakes of his automobile, loses control, and it skids forward and sideways across the center line of the highway, into the first of the two parked cars causing injury to plaintiff, who was at the rear of the first car, there are presented certain questions for determination by a jury, under proper instructions of the court, among them being (1) whether the sudden emergency was or was not of the defendant's own making, (2) whether the defendant, when confronted with the sudden emergency, exercised reasonable care under the circumstances, and (3) whether the assured-clear-distance-ahead doctrine, Section 4511.21 of the Revised Code, applies.

''4. Where a defendant is driving his car with reasonable care commensurate with the circumstances and a person steps into the defendant's lane of travel within the

assured-clear-distance-ahead, the defendant may be confronted with a sudden emergency which may warrant a finding of facts, under proper instructions by the court, such as will excuse compliance with Section 4511.25 of the Revised Code.''

The court held that the decision of the trial court to submit the issue of sudden emergency to the jury followed the long-established law of Ohio and was not error. The distinguishing feature between the instant case and *Bieber* is that in *Bieber* the person stepped into defendant's lane of travel within the assured clear distance ahead, whereas here nothing came into defendant's lane of travel which would confront defendant with a sudden emergency. Rather, defendant anticipated such a happening which never occurred.

Both *Oechsle* v. *Hart* (1967), 12 Ohio St. 2d 29, and *Zehe* v. *Falkner* (1971), 26 Ohio St. 2d 258, involve the same section as the instant case—R. C. 4511.25. The court, in each case, held that that section imposes a mandatory duty upon the operator of a vehicle to drive solely upon the right half of a roadway under specifically designated circumstances and an unexcused failure to comply with this duty constitutes negligence per se. In *Oechsle*, the court held in paragraphs 2 and 3 of the syllabus:

''2. Skidding upon a wet or icy roadway due to bad road conditions alone does not excuse a driver from operating his vehicle upon the right side of the roadway as required by Sections 4511.25 and 4511.26, Revised Code. * * *

''3. Where a motorist unexpectedly comes upon a patch of ice on a dry and otherwise clear roadway which causes him to lose control of his car which skids left across the center line of the highway striking plaintiff's car, the defense of sudden emergency is not available to such motorist and it is error for the trial court to charge the jury with respect thereto.''

In *Zehe, supra,* the Supreme Court, in following both *Oechsle* and *Spalding,* held that where a motorist on a two-lane highway encountered difficulty in passing the car ahead, and yet remained left of center and renewed his at-

tempt to pass, resulting in a collision with an oncoming vehicle, such motorist is not entitled to a jury charge as to the defense of sudden emergency. It further held that such a situation can neither be said to be an unexpected occurrence nor a situation over which the motorist had no control. The court went on to state that where the defense of sudden emergency is unwarranted, it is prejudicial error for the trial court to charge the jury thereon. Justice Leach, in a well-reasoned opinion, stated, at page 263: "Where a specific safety statute is involved, a violation of which constitutes negligence per se, a motorist, in a sudden emergency, must show that it was *impossible* for him to comply with the statute. * * *" He went on to say, at page 264: "What a reasonably prudent man would have done under the circumstances is immaterial * * *."

In the present case, in attempting to follow the direction pointed by the Supreme Court, we cannot say that it was *impossible* for the defendant motorist to comply with the statute. Had the defendant continued on a straight course with or without applying brakes no accident would have happened. There are other ways such as proceeding at a slower speed on wet pavement, or turning to the left, there being no evidence of other traffic on the road, which would equally have avoided the accident. Because of the failure of the defendant to present sufficient evidence tending to show that it was *impossible* for her to comply with the statute, we find that plaintiff's first assignment of error is well taken.

Plaintiff's second assignment of error is:

"The Trial Court erred in refusing to charge the jury that they may also consider the loss of companionship to the parents occasioned by the death of said child as a proper item of pecuniary injury."

The law of Ohio is still as set forth by the Supreme Court in *Karr* v. *Sixt* (1946), 146 Ohio St. 527, wherein the court held, in paragraph 6 of its syllabus:

"The term 'pecuniary injury' as used in Section 10509-167, General Code, comprehends essentially injury measured by the prospective advantages of a pecuniary

nature which have been cut off by the premature death of the person from whom they would have proceeded. The term does not embrace such elements as bereavement or mental pain and suffering of the beneficiaries or the loss of the society or comfort of the deceased. (*Kennedy, Admr., v. Byers,* 107 Ohio St., 90, approved and followed.)''

We are cognizant of the expansion of the right of recovery in negligence actions which expands consortium to include companionship, comfort, love and solace (*Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* [1970], 22 Ohio St. 2d 65); but, unless and until the court similarly expands the right of recovery for pecuniary loss in a wrongful death action, we are bound by the law as set forth in *Karr, supra.*

The trial court did not err in refusing to include ''companionship'' within the definition of pecuniary injury. The second assignment of error is overruled.

For the reasons stated in our ruling on the first assignment of error, the judgment is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

TROOP, P. J., and REILLY, J., concur.