73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael KOMO, Plaintiff-Appellant,
v.
Rikk RAMBO, Defendant-Appellee.
 No. 94-4032.
 United States Court of Appeals, Sixth Circuit.
 Dec. 26, 1995.
 
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 This is a diversity automobile accident case. Michael Komo sued Rikk Rambo alleging negligence. The district court found that Komo was negligent as a matter of law. Komo claims that a genuine issue of material fact exists. We agree.
 
 
 2
 On September 28, 1991, Komo and Rambo were involved in a traffic accident on Dresden Avenue in Columbiana County, Ohio. Komo, along with Mary Royla, a passenger and the owner of the vehicle, was driving southbound on Dresden Avenue at the time of the accident. Rambo was travelling north at a rather rapid rate of speed in the center lane of Dresden Avenue's two northbound lanes. The accident report states that Komo crossed over the center line and the two vehicles collided in the center of two northbound lanes. Komo received a citation for crossing the center line after the accident.
 
 
 3
 It was shown that Rambo crossed the center line to pass another northbound vehicle, causing Komo to swerve across the center line to avoid a collision. According to Komo, just as he crossed over the center line, Rambo swerved back across the center line into the northbound lane, thereby causing the accident. This scenario seems to be supported by two witnesses, Susan McDonald and Timothy Stouffer.
 
 
 4
 The district court awarded summary judgment in favor of Rambo, finding that Komo's violation of Ohio Rev.Code Ann. Sec. 4511.25, constituted negligence per se and that Komo's own actions were the direct and proximate cause of the injury.
 
 
 5
 Given the fact this is a diversity case, we are controlled by Ohio law. An example of that is found in Spaulding v. Waxler, 205 N.E.2d 890 (1965), where the Ohio court stated: "In order to avoid liability for injuries resulting from his failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways, a motorist must show that something over which he had no control or an emergency not of his making made it impossible for him to comply with the statute." Id. at 893. This same standard was set in Satterthwaite v. Morgan, 48 N.E.2d 653, 656 (1943). The question presented in this case is whether or not an emergency situation confronted Mr. Komo on the occasion of Mr. Rambo's attempt to pass the vehicle driven by Mr. Stouffer. At this stage, there is considerable question as to what actually happened. Given the rather liberal interpretation of this situation by the Ohio courts, a trial to determine this, seems most appropriate. The decision of the district court granting summary judgment is hereby REVERSED and the case is REMANDED to the district court for trial.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation