OPINION
{¶ 1} Defendant-appellant/cross-appellee, Residential Services Group d.b.a. Airtron Heating Air Conditioning, appeals from a judgment awarding damages to plaintiffs-appellees/cross-appellants, Larry and Jan Klasmeier, on the Klasmeiers' negligence and loss of consortium claims. The Klasmeiers cross-appeal from the same judgment. *Page 2 
 {¶ 2} On March 26, 2004, Larry Klasmeier was driving his vehicle eastbound on West Chester Road in Butler County, Ohio. As Larry was driving through the intersection of West Chester Road and Revere Run, he was suddenly broadsided by a vehicle driven by Stephen Perry, who failed to stop at a stop sign posted on Revere Run. Larry's vehicle flipped over at least two times, and he sustained injuries to his head, neck, back, and shoulder.
 {¶ 3} At the time of the collision, Perry was driving a vehicle that was owned by his employer, Residential Services Group d.b.a. Airtron Heating Air Conditioning. Perry was acting within the course and scope of his employment with RSG when the accident occurred.
 {¶ 4} On April 7, 2005, Larry and his wife, Jan Klasmeier, filed a negligence action against RSG.[1] On November 2, 2005, the trial court granted summary judgment to the Klasmeiers on the issue of whether RSG was liable on the basis of negligence per se and ordered a trial to be held on the issues of proximate cause and damages.
 {¶ 5} In January 2007, a jury trial was held on the remaining issues. At the conclusion of the trial, the jury found that RSG's negligence directly and proximately caused the Klasmeiers' injuries and damages. The jury awarded $722,411.38 to Larry for his past and future losses, and $51,000 to Jan on her loss of consortium claim. The jury also awarded $4,004.92 to Larry's insurer, American Hardware Mutual Insurance, which had been joined as a plaintiff in the action, for its payment of medical bills on Larry's behalf.
 {¶ 6} RSG now appeals, raising four assignments of error, and the Klasmeiers cross-appeal, raising two cross-assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR DIRECTED VERDICT AND IN SUBMITTING THE ISSUE OF COGNITIVE *Page 3 
IMPAIRMENT TO THE JURY."
 {¶ 9} RSG contends that the Klasmeiers were obligated to present expert testimony in support of their claim that Larry suffered permanent cognitive impairment as a result of the accident, which entitled him to compensatory damages, and since the Klasmeiers failed to do so, the trial court committed reversible error by overruling RSG's motion for a directed verdict on the cognitive impairment issue. We disagree with this argument.
 {¶ 10} Civ. R. 49(A) states in pertinent part:
 {¶ 11} "(A) General verdict
 {¶ 12} "A general verdict, by which the jury finds generally in favor of the prevailing party, shall be used.
 {¶ 13} "(B) General verdict accompanied by answer tointerrogatories
 {¶ 14} "The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument. Counsel shall submit the proposed interrogatories to the court and to opposing counsel at such time. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves. The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law."
 {¶ 15} "The essential purpose to be served by interrogatories is to test the correctness of a general verdict by eliciting from the jury its assessment of the determinative issues presented by a given controversy in the context of evidence presented at trial.' [Footnote omitted.] Determinative issues are `ultimate issues' that when decided will settle the controversy between the parties." Rich v. McDonald's Corp.,155 Ohio App.3d 1, 5-6, 2003-Ohio-5373, ¶ 14.
 {¶ 16} "By virtue of the two-issue rule, a general verdict which is supportable on one or *Page 4 
more alternate grounds properly submitted to the jury is invulnerable to attack." McCarthy v. Kasperak (1981), 3 Ohio App.3d 206, 208. See, also,Berisford v. Sells (1975), 43 Ohio St.2d 205, 208 (where a jury returns general verdict not tested by interrogatories, a reviewing court will presume that the jury's verdict was founded upon whatever issue was tried free from error).
 {¶ 17} Under the two-issue rule, where a general verdict is supported by two or more grounds, one which is legally correct and the other which is legally incorrect or at least questionable, it will be presumed that the jury rested its verdict on the ground that is legally correct, unless the party challenging the verdict can demonstrate, either through the use of an answer to an interrogatory submitted pursuant to Civ. R. 49(B) or otherwise, that the jury rested its verdict on a ground that is legally incorrect or at least questionable. McCarthy,3 Ohio App.3d at 208.
 {¶ 18} In this case, the jury returned a general verdict awarding compensatory damages, past and future, of $722,411.38 to Larry, $51,000 to Jan, and $4,004.92 to Larry's insurer for its payment of medical bills on Larry's behalf. The jury also returned answers to several interrogatories that the trial court submitted to them. Interrogatory B, for example, asked the jury to state the amount of compensatory damages awarded to Larry for certain "past" and "future" losses listed in the interrogatory.
 {¶ 19} However, RSG never requested that the trial court submit an interrogatory to the jurors asking them to determine whether or not Larry suffered any cognitive impairment as a result of the accident and, if so, what amount of compensatory damages he was entitled to as a result. Therefore, it cannot be determined if the jury awarded the Klasmeiers any damages at all for Larry's cognitive impairment claim.
 {¶ 20} Absent RSG's utilization of Civ. R. 49(B) to demonstrate to the contrary, the two-issue rule provides an unrebutted presumption in this case that the jury rested its verdict on *Page 5 
whatever claim of damage was tried free from any alleged error regarding the cognitive impairment issue. See McCarthy, 3 Ohio App.3d at 208, andBerisford, 43 Ohio St.2d at 208.
 {¶ 21} RSG's first assignment of error is overruled.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANTS' PARTIAL MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AS TO FUTURE DAMAGES."
 {¶ 24} RSG argues that the trial court erred in overruling its motion for partial judgment notwithstanding the verdict with respect to the Klasmeiers' claims for future damages stemming from the accident, because the Klasmeiers failed to prove their claim for such damages, particularly their claim for future medical expenses, with reasonable certainty and competent medical authority.
 {¶ 25} In support of its argument, RSG cites Hammerschmidt v.Mignogna (1996), 115 Ohio App.3d 276, wherein an appellate court held that because the evidence admitted at trial was vague as to whether or not the plaintiff in that case would require surgery in the future, the plaintiff was not entitled to a jury instruction for future medical expenses. Id. at 280-282.
 {¶ 26} In this case, the trial court instructed the jury on the issue of future damages, including future medical expenses, future loss of ability to perform usual activities that gave pleasure to Larry Klasmeier, and future pain and suffering, and submitted interrogatories to the jury on these issues. A trial court is not permitted to issue instructions to the jury where there is no evidence to support those instructions. See Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 591. However, RSG failed to raise a timely objection to these instructions or interrogatories.
 {¶ 27} Civ. R. 51(A) provides that "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to *Page 6 
consider its verdict, stating specifically the matter objected to and the grounds of the objection. Where a party in a civil action fails to object to a jury instruction as called for by Civ. R. 51(A), the party waives any alleged error regarding the giving or failure to give the instruction. Munn v. Rudy Stapleton Son, Fulton App. No. F-02-030, 2003-Ohio-5606, ¶ 26-27.
 {¶ 28} Furthermore, there was a substantial amount of evidence presented to support the trial court's decision to issue instructions on the issue of future damages. For instance, there was evidence presented to show that Larry continued to receive treatment for his injuries stemming from the 2004 collision, and that such future treatment, including additional MRIs and physical therapy, would be necessary. Larry also submitted evidence of past medical bills that he incurred as a result of the accident, which demonstrated the nature and amount of the medical expenses he will likely incur in the future.
 {¶ 29} Also, Larry's expert, Dr. Michael Lawley, an orthopedic surgeon, testified to a reasonable degree of medical certainty that additional MRIs and physical therapy will be necessary for Larry in the future. In light of this evidence, we conclude that the trial court did not err in denying RSG's motion for a partial JNOV.
 {¶ 30} RSG's second assignment of error is overruled.
 {¶ 31} Assignment of Error No. 3:
 {¶ 32} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANTS' MOTION FOR REMITTITUR."
 {¶ 33} RSG contends that the trial court abused its discretion in overruling its motion for remittitur because the jury's award to the Klasmeiers, which included an award of $108,000 for Larry's future medical expenses, was manifestly excessive. We disagree with this argument.
 {¶ 34} "[T[he four criteria necessary for a court to order a remittitur [are]: (1) *Page 7 
unliquidated damages are assessed by a jury, (2) the verdict is not influenced by passion or prejudice, (3) the award is excessive, and (4) the plaintiff agrees to the reduction in damages." Dardinger v. AnthemBlue Cross Blue Shield, 98 Ohio St.3d 77, 104, 2002-Ohio-7113, ¶ 17.
 {¶ 35} Here, the Klasmeiers presented substantial evidence of Larry's past and future medical expenses, his past and future loss of ability to perform usual activities that gave him pleasure, and his past and future pain and suffering. As a result, we conclude the trial court did not err in overruling RSG's motion for a remittitur.
 {¶ 36} RSG's third assignment is overruled.
 {¶ 37} Assignment of Error No. 4:
 {¶ 38} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND FINDING DEFEDANTS NEGLIGENT AS A MATTER OF LAW."
 {¶ 39} RSG argues that the trial court erred in granting summary judgment to the Klasmeiers on the issue of negligence per se because genuine issues of material fact remain to be litigated on that issue. We disagree with this argument.
 {¶ 40} To obtain summary judgment on a claim or any part thereof, the moving party must demonstrate that: (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. See Welco Industries, Inc. v. Applied Cos.,67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 41} The trial court granted summary judgment to the Klasmeiers on the issue of negligence per se on the grounds that Perry's failure to stop at a stop sign constituted negligence per se and, therefore, the Klasmeiers were entitled to summary judgment on that issue as a matter of law. See Gressman v. McClain (1988), 40 Ohio St.3d 359, 362. The *Page 8 
trial court rejected RSG's argument that a finding of negligence per se was inappropriate because of its contention that Perry's brakes failed at the time of the collision.
 {¶ 42} In support of its decision, the trial court cited Spalding v.Waxler (1965), 2 Ohio St.2d 1, which states, "[b]rake failure cannot be a legal excuse for failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways." Id. at paragraph six of the syllabus.
 {¶ 43} Nevertheless, RSG requests that we adopt the general rule that has been adopted by most other states, namely, "that sudden unforeseeable brake failure can serve as a defense to negligence in the appropriate case" and remand this matter to the trial court so that the issue can be tried. See Roman v. Estate of Gobbo, 99 Ohio St.3d 260,270, 2003-Ohio-3655, ¶ 45, id., citing Annotation, Automobiles: Liability of Owner or Operator of Motor Vehicle for Injury, Death, or Property Damage Resulting from Defective Brakes (1971 and Supp. 2002), 40 A.L.R. 9, 15. We decline to do so.
 {¶ 44} While Roman called into question the continued validity ofSpalding, it did not overrule that case and until the Ohio Supreme Court overrules Spalding, paragraph six of the syllabus in that case is controlling on the issue discussed therein. Consequently, the trial court did not err in granting summary judgment to the Klasmeiers on the negligence issue.
 {¶ 45} RSG's fourth assignment of error is overruled.
 {¶ 46} Cross-Assignment of Error No. 1:
 {¶ 47} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLEES/CROSS-APPELLANTS IN GRANTING DEFENDANT-APPELLANTS/CROSS-APPELLEE'S MOTION FOR A DIRECTED VERDICT ON THE ISSUE OF FUTURE LOST EARNINGS.
 {¶ 48} The Klasmeiers argue that the trial court erred by granting RSG's motion for a directed verdict on the issue of future lost earnings because they presented sufficient *Page 9 
evidence to allow that question to be submitted to the jury. We disagree with this argument.
 {¶ 49} "[I]n awarding prospective damages, juries are confined to those damages reasonably certain to follow from the claimed injury. Generally in the case of an objective injury, such as the loss of a body member, the jury may draw their conclusions as to future pain and suffering from the fact of the injury alone, the permanency being obvious. However, in a case involving a subjective injury, expert medical testimony is needed to prove future pain and suffering or permanency." Jordan v. Elex, Inc. (1992), 82 Ohio App.3d 222, 230-231.
 {¶ 50} "Unless an injury is of an objective nature, where the permanency is obvious, the issue of a causal connection between future damages and the injury must be established by the opinion of medical witnesses competent to express such an opinion." Bergen v. MotoristsMut. Ins. Co. (May 29, 2001), Butler App. No. CA2000-06-112.
 {¶ 51} Here, the connection between future lost earnings and the injuries that Larry sustained is not obvious and, therefore, the Klasmeiers were obligated to submit expert testimony regarding their claim of future lost earnings. Because they did not, the trial court did not err in directing a verdict in favor of RSG on this issue. Id.
 {¶ 52} The Klasmeiers' first cross-assignment of error is overruled.
 {¶ 53} Cross-Assignment of Error No. 2:
 {¶ 54} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLEES/CROSS-APPELLANTS BY NOT PERMITTING PLAINTIFF TO USE THE DEPOSITION OF DR. THOMAS BENDER AS PART OF PLAINTIFF'S CASE IN CHIEF."
 {¶ 55} The Klasmeiers argue that the trial court committed reversible error by not allowing them to use Dr. Bender's deposition testimony as part of their case-in-chief to prove the permanency of Larry's injuries. We disagree with this argument.
 {¶ 56} Civ. R. 32(A)(3)(e) allows any party to use the deposition of an attending *Page 10 
physician or medical expert for any purpose in his case-in-chief, regardless of which party originally took the deposition. Once a medical expert's deposition is taken, it becomes evidence in the case and is no longer the property of one party. Wood v. Penwell (Nov. 1, 1984), Franklin App. No. 84AP-132.
 {¶ 57} However, even if the trial court abused its discretion or otherwise erred in not allowing the Klasmeiers to use Dr. Bender's deposition testimony as part of their case-in-chief, the error was harmless. Under the "harmless error" doctrine, any error or defect in the proceeding which does not affect the substantial rights of the parties must be disregarded. See Civ. R. 61.
 {¶ 58} Here, it is apparent that the trial court's decision not to allow Dr. Bender's deposition testimony to come into evidence until RSG called for that testimony as part of its case-in-chief did not affect the Klasmeiers' substantial rights, since the jury heard Dr. Bender's testimony.
 {¶ 59} The Klasmeiers' second cross-assignment of error is overruled.
Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] Perry was also named as a defendant in the action. However, Perry left RSG's employ shortly after the accident and was not otherwise involved in the litigation. *Page 1