OPINION
{¶ 1} Defendant-appellant Darius E. LeFlore ("LeFlore") brings this appeal from the judgment of the Court of Common Pleas of Crawford County finding him guilty of two counts of robbery and sentencing him to an aggregate sentence of eight years in prison. For the reasons set forth below, the judgment is affirmed.
 {¶ 2} On March 19, 2007, LeFlore was indicted on two counts of robbery. The first count arose from a robbery at the Duke and Duchess Gas Station and convenience store on March 8, 2007. The second count arose from a robbery at the Circle K convenience store on February 22, 2007. LeFlore entered pleas of not guilty to both charges. On January 3, 2008, a trial was held. LeFlore admitted to the March robbery, but denied committing the February robbery. The jury returned verdicts of guilty on both charges. On February 21, 2008, the trial court sentenced LeFlore to four years in prison on each count and ordered the sentences to be served consecutively. LeFlore appeals from this judgment entry and raises the following assignment of error.
 There was insufficient evidence to convict [LeFlore] of the February 22, 2007 robbery and that conviction was against the manifest weight of the evidence.
 {¶ 3} LeFlore's assignment of error raises two issues: (1) the sufficiency of the evidence and (2) whether the conviction was against the manifest weight of *Page 3 
the evidence. We will first address the question of the sufficiency of the evidence.
 When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Ready (2001), 143 Ohio App.3d 748, 759, 758 N.E.2d 1203.
 {¶ 4} Here, LeFlore claims that the only evidence connecting him to the February robbery is 1) the fact that he has a medium complexion rather than a dark skinned one; 2) the coat described in the police report is black with blue stripes and his coat has no stripes; and 3) the "similar" shoes shown in the picture are a popular brand worn by many people. However, the State presented the testimony of the store clerk that she observed a man enter the store. The man approached her with his right hand concealed in the arm of the coat and threatened to shoot her if she refused to give him the money in the register. The clerk identified the robber as being an African-American male wearing a black jacket with a blue liner and orange tipped sneakers. She did not identify LeFlore as the robber. She testified that the robber was "covered up so well that all [she] saw was his eyes and his skin." Tr. 164. *Page 4 
 {¶ 5} The State also presented the video surveillance tape from the store robbed in February and multiple still shots taken from the tape. The still shots show the image of the robber and how he was holding his arm with the alleged weapon. The State presented the testimony of the responding officer who testified that the clerk told him the suspect was approximately 5'10" tall and had a small build.
 {¶ 6} The clerk from the store robbed in March also testified. She stated that the robber was wearing a white coat and had his hand pulled up in the sleeve as if he was holding something and told her to give him all her money. She testified she believed he had a gun. Tr. 104. After LeFlore was caught, the clerk identified him as the one who robbed the Duke and Duchess store.
 {¶ 7} After the March robbery, LeFlore was caught walking in the vicinity of the Duke and Duchess store wearing a white coat with his arms up his sleeves. In his right hand he was holding a hair clipper. He was eventually arrested for the robbery. A handful of cash, including the security $2 bills used to identify the Duke and Duchess cash, was found in LeFlore's pocket. At the time LeFlore was taken into custody, he was wearing sneakers with orange tips. A black coat taken from LeFlore's girlfriend and matching the description given in the February robbery was also found. At trial, LeFlore admitted to committing *Page 5 
the March robbery, but denied any involvement in the February robbery. LeFlore also stated that he is approximately 5'10' or 5'11" tall.
 {¶ 8} The State's argument is that the two robberies have similar methods of operation, that LeFlore is the same size and build, that the shoes were identical, and that LeFlore's girlfriend had a coat similar to that described by the clerk robbed in February. Based upon this information, the State argued that the jury could find LeFlore guilty of both offenses. Viewing the evidence in a light most favorable to the State, this court cannot find that there is no competent, credible evidence to support the verdict. Therefore, the evidence is sufficient.
 {¶ 9} LeFlore also claims that the verdict is against the manifest weight of the evidence.
 Under a manifest-weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. * * * The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.'"
State v. Jackson, 169 Ohio App.3d 440, 2006-Ohio-6059, ¶ 14,863 N.E.2d 223 (citations omitted). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. State v. Thompkins *Page 6 
(1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the fact-finder.
 The fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.
State v. Thompson (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.
 {¶ 10} In this case, the State presented evidence that LeFlore was involved in both robberies. LeFlore admitted to committing one robbery, but denied any involvement in the February robbery. This court notes that the evidence, as discussed above, is not overwhelming. Basically, the State is arguing that since LeFlore is African-American, approximately the same height, is right handed, owns a pair of popular shoes that look like the ones worn by the robber, and may have had access to a coat that resembles the one worn by the robber[1] . The clerk at the first robbery could not identify LeFlore as the robber and the photos are not *Page 7 
clear. The State presented no direct evidence to connect LeFlore to the robbery and the circumstantial evidence does not lead to only one conclusion.
 {¶ 11} However, the jury was present for the entire trial and observed the testimony of LeFlore as he claimed his innocence. The jury did not believe him. This court must give deference to the jury's credibility determination. Additionally, the State did present the circumstantial evidence that all have connections to LeFlore. The chances of this being nothing more than a coincidence are slight. Thus, this court cannot say that the evidence weighs heavily against conviction. The judgment is not against the manifest weight of the evidence. The assignment of error is overruled.
 {¶ 12} The judgment of the Court of Common Pleas of Crawford County is affirmed.
Judgment Affirmed
 PRESTON and ROGERS, J.J., concur.
[1] This court notes that the State did not have the coat's owner testify that LeFlore had ever borrowed the coat for an extended time or that he borrowed it on the night in question. Instead, it just argued that LeFlore had previously worn this coat. He testified that he had worn it a couple times to run to the car from the owner's apartment to get items out of the car and then returned to the apartment. *Page 1