[Cite as *In re Yohe*, 2009-Ohio-5659.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

IN THE MATTER OF:

                                             **CASE NO. 12-09-02**

    **CHRISTOPHER YOHE,**

**ALLEGED JUVENILE**                            **O P I N I O N**
**TRAFFIC OFFENDER.**

Appeal from Putnam County Common Pleas Court,
Juvenile Division
Trial Court No. 20091008

**Judgment Affirmed**

Date of Decision:   October 26, 2009

APPEARANCES:

    *Bradley S. Warren*  for Appellant

    *Michael Borer*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Appellant Christopher Yohe ("Yohe") brings this appeal from the judgment of the Court of Common Pleas of Putnam county, Juvenile Division, finding him delinquent for violation of Village of Ottawa Ordinance 333.08, a traffic offense. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 15, 2009, Yohe was driving on Chippewa Dr. The weather was cold and snowy and the road had not been plowed. Yohe hit slush and snow on the road, overcorrected the vehicle, and spun around hitting a mailbox. Yohe then drove home, one block away, and contacted the police. Officer John Mullins ("Mullins") of the Ottawa Police Department responded to the call and conducted the investigation. Mullins then cited Yohe for operating a motor vehicle without reasonable control, a violation of the Village of Ottawa Ordinance 333.08.

{¶3} On April 13, 2009, an adjudicatory hearing was held. Mullins testified that based upon the tracks, the vehicle spun around, left the road, and struck the mailbox. Yohe also testified that this is what happened. Following the witnesses, the trial court determined that Yohe was delinquent for commission of a violation of ordinance 333.08, a minor misdemeanor if he was an adult. Yohe appeals from this decision and raises the following assignment of error.

> **The trial court erred in finding that the village of Ottawa had proven beyond a reasonable doubt that [Yohe] operated his**

**motor vehicle without being in reasonable control thereof, with the judgment below being manifestly against the weight of the evidence and not supported by sufficient evidence.**

{¶4} The assignment of error makes two challenges: 1) the verdict is not supported by sufficient evidence and 2) the verdict is against the manifest weight of the evidence.

**With respect to sufficiency of the evidence, "'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * * In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.**

*State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (citations omitted).

**When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.**

*State v. LeFlore*, 3d Dist. No. 3-08-06, 2008-Ohio-4508, ¶3, quoting *State v. Ready* (2001), 143 Ohio App.3d 748, 759, 758 N.E.2d 1203.

{¶5} In this case Yohe was cited for failing to control his vehicle. The testimony presented by both Mullins and Yohe was that Yohe hit the snow and

slush, overcorrected the vehicle, spun around, left the road, and struck the mailbox. Viewing this testimony in a light most favorable to the State, a rational trier of fact could conclude that Yohe failed to control his vehicle. Thus, the judgment is supported by sufficient evidence.

{¶6} Yohe also argues that the verdict is against the manifest weight of the evidence.

> **Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*."**

*State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 514 (citing Black's Law Dictionary (6 Ed. 1990) 1594). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. Id. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the fact-finder.

> **The fact-finder, being the jury, occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must,**

> **therefore, accord due deference to the credibility determinations made by the fact-finder.**

*State v. Thompson* (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.

{¶7} Yohe argues that the accident was caused not by his misconduct, but rather mechanical failure of the car. Yohe claims that three nails in the tire made the tire pressure low, which resulted in the accident. Regardless of what the underlying cause was, Yohe certainly lost control of his car. The issue then becomes one of whether it is excused. A sudden emergency will only relieve one of complying with safety statutes if the emergency is one over which the driver has no control and not of his making. *Spalding v. Waxler* (1965), 2 Ohio St.2d 1, 5, 205 N.E.2d 890. The burden of proving this legal excuse is on the defendant. Id. at 7. Here, Yohe claims that the low tire was the cause of the accident. He also admitted that he was probably driving too fast for the day and that there had been prior problems with the tire. Yohe had control over part of the factors causing the accident. Therefore, the legal excuse cannot relieve him of his responsibility. The trial court, which was the trier of fact, did not believe he had proven that the low tire was the cause of the accident. The evidence does not weigh heavily against this conclusion. Thus, the verdict is not against the manifest weight of the evidence.

{¶8} Since the verdict is supported by sufficient evidence and not against the manifest weight of the evidence, the assignment of error is overruled. The

Case No. 12-09-02

judgment of the Court of Common Pleas of Putnam County, Juvenile Division, is affirmed.

**_Judgment Affirmed_**

**ROGERS and SHAW, J.J., concur.**

**/jlr**