STREMANOS, Plaintiff-Appellee, v CLEVELAND TRANSIT COMPANY, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20728. Decided December 8th, 1947.

A. F. Lane, for plaintiff-appellee.

Robert J. Shoup, E. Sheldon Wirt, Oliver C. Schroeder, Jr., for defendant-appellant.

## OPINION

By MORGAN, J.

The plaintiff filed her action against the City of Cleveland to recover for injuries which she sustained as a passenger on a street car of The Cleveland Transit System, owned by the defendant City of Cleveland.

Plaintiff claimed that she boarded a west bound street car on November 22, 1944 in the afternoon, at the corner of East 6 and Euclid Avenue. The street car proceeded to East 4th Street and stopped at a red light. It then started and collided with an automobile that was double parked on the street some distance ahead. The street car was stopped suddenly causing a violent jerk which threw the plaintiff to the floor of the car causing her to suffer serious injuries.

The defendant claimed that when the street car started at East 4th Street, another automobile going west was running parallel to the front part of the street car and suddenly cut in front of the street car, causing the motorman to stop the street car suddenly.

In support of its case, the defendant produced as a witness at the trial the motorman of the street car. He testified that as he left the East 4th Street stop going west, "there happened to be a parked car or truck, I am not sure whether it was a truck or car, that was double parked on the street. * * * As

I approached this car or truck, another machine came by on the right side of me and cut in between me and this parked car or truck * * * I had to apply my brakes quite hard. * * * The left side of his automobile around his rear left fender sideswiped the street car."

The defendant also called as a witness James Bertram, a salesman for the Taylor Rubber Company who testified that he was a passenger on the said street car. He was seated in the second seat from the motorman on the left or south side of the street car. When asked as to what happened before the accident, he testified:

"All of a sudden I saw a car coming around there ran almost directly in front of the street car. * * * The motorman stopped the car and I really commended him for the prompt action."

Later he testified:

"I saw this car come along there and I noticed that he just, I would say, clipped him."

Mrs. W. C. Seabright was also called as a witness for the defendant. She testified that she was a passenger on the street car and was "sitting in the front seat back of the motorman. * * * I saw a car suddenly turn in front of the motorman on the car tracks there suddenly * * * The motorman put on the brakes very suddenly and I guess it might have thrown someone down. * * * ."

She also testified:

"I saw the car turn suddenly in front of the street car."

The defendant also called as a witness, E. Z. Meyers, a certified public accountant who testified that at the time of the accident he was driving his car in a westerly direction on Euclid Avenue. He added: "We passed the standing street car at the safety zone at 4th Street and beyond that point approximately in front of Rosenblums, I would say, the car ahead of me stopped very suddenly without any warning and in order to avoid a collision with him, the streets were slippery and wet, I swerved to the left * * * and as I swerved to the

left the street car struck my left rear fender." He then "stopped to see what the damage was and pulled over to the curb * * * and I saw that there was a crease in my fender."

At the request of defendant the court charged the jury before argument, as follows:

"The court instructs you as a matter of law, that if you find from the evidence that the injuries sustained by plaintiff were caused by the sudden application of the street car brakes in an effort by its motorman to avoid a collision made imminent solely by the negligent act of a third party; and if you also find that such application of the brakes was reasonably necessary in the exercise of the highest degree of care for the safety of the passengers in the street car, then such application of the brakes was not negligence and your verdict should be for the defendant the City of Cleveland."

The plaintiff did not accept to the giving of the above instruction and in our opinion it is a correct statement of the law.

The plaintiff testified that she boarded the west-bound street car at the corner of E. 6th and Euclid Avenue. The car stopped for a red light at E. 4th and Euclid Avenue. Also "in the meantime I was getting ready to get off near the Williamson Building. Well, * * * I saw a car ahead but I didn't pay much attention to it. I thought it was going to go on ahead but it was standing still. I was just preparing myself to get off and—why this jerk, this violent jerk—it was really a very bad jerk—because I lost my balance and fell to the floor." When asked whether the motorman "hit a stationary car" the plaintiff answered, "I don't know but I am sure he did because I heard the crash as I was falling."

The only other witness for the plaintiff was Mrs. Mazzotta who also was a passenger on the street car. She testified to a jerk of the street car that was "real strong" and she saw a lady fall "in the conductor's box." "She was an elderly lady." Mrs. Mazzotta picked up the lady and found her to be Mrs. Stremanos.

Plaintiff testified that there was a double-parked automobile in the path of the street car to the west. The motorman also testified to the same effect. No witness testified that he saw the street car strike the parked automobile. The plaintiff only inferred that this occurred but it was denied by all of defendant's witnesses.

The plaintiff's evidence is to the effect that she was "preparing myself to get off" when the accident happened and plaintiff's witness, Mrs. Mazzotta, testified that plaintiff "fell on the conductor's box," thus indicating that plaintiff had walked a few steps to the rear before the accident, and thus showing that plaintiff was not in a position to see the cutting in of Meyer's automobile in front of the street car which only required a split second.

The driver of the automobile, the motorman and two of the passengers of the street car, testified as to the cutting in of the automobile in front of the street car and that the cutting in of the automobile was the cause of the sudden stopping of the street car. When rightly considered, the plaintiff's evidence is not inconsistent with defendant's explanation of the happening of the accident.

It is our opinion that the verdict in this case is manifestly against the weight of the evidence and for that reason it is reversed and the cause is remanded. Exceptions.

HURD, PJ, and SKEEL, J, concur.