FITAS, Appellant,

v.

**ESTATE OF BALDRIDGE et al., Appellees.**

[Cite as *Fitas v. Estate of Baldridge* (1995), 102 Ohio App.3d 365.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0029.

Decided April 3, 1995.

*Lawrence J. Damore,* for appellant.

*Peter D. Janos* and *James J. Gutbrod,* for appellees.

CACIOPPO, Judge.

In this accelerated appeal, plaintiff-appellant, Michael Fitas, appeals the judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Estate of Robert J. Baldridge, deceased, and Doreen F. Baldridge, individually and as surviving spouse and executor of the estate of Robert J. Baldridge, deceased.

The undisputed facts are as follows. On April 25, 1989, Fitas was operating an automobile in the right lane, travelling eastbound on the Ohio Turnpike in Shalersville Township, Portage County, when it was struck on the left side by the automobile operated by decedent, Robert J. Baldridge, which was also traveling eastbound. Prior to the collision, Doreen F. Baldridge, a passenger, was conversing with decedent when she noticed that the car was slowing down and that decedent's eyes were "rolling," she grabbed the steering wheel, placed her foot on the brake, and tried to guide the automobile toward the median. However, decedent's body fell upon Mrs. Baldridge blocking her view.

On March 15, 1991, appellant filed a complaint against appellees, alleging that decedent negligently drove his automobile across the center line into the right lane, that Mrs. Baldridge negligently drove the automobile into path of appellant's automobile while attempting to control the automobile, and that appellant sustained multiple injuries as a direct and proximate result.

On April 26, 1991, appellees filed an answer asserting the defense of sudden emergency.

On October 23, 1992, the matter proceeded to arbitration. On December 10, 1992, an arbitration award in favor of appellees was filed. Appellant filed a notice of appeal of the arbitration award and requested a trial *de novo.*

On January 7, 1994, appellees filed a motion for summary judgment alleging that neither decedent nor Mrs. Baldridge could be chargeable with negligence because decedent was suddenly stricken by a heart attack and rendered unconscious, leaving the automobile out of control. Attached to appellees' motion was a certified copy of decedent's death certificate which listed acute circulatory failure, coronary artery disease, and arteriosclerosis as the immediate cause of death. A portion of Mrs. Baldridge's deposition was also attached, wherein she testified

that decedent had coronary artery bypass surgery in 1985 but returned to work after the surgery. Appellees also attached an affidavit of the decedent's family physician, Dr. Chong Lim, who attested that decedent's activities had not been restricted due to any medical condition and that "[w]ithin a reasonable degree of medical probability, the acute circulatory failure incurred by [decedent] on April 25, 1989, was sudden and unexpected, and could not have been reasonably anticipated from a medical point of view."

On January 11, 1994, appellant filed a motion for summary judgment alleging that decedent and Mrs. Baldridge were negligent as a matter of law and that the sudden emergency defense was not applicable or, in the alternative, that the doctrine should be abolished in favor of a strict liability standard. Appellant also filed a responsive memorandum to appellees' motion for summary judgment and the entire depositions of appellant and Mrs. Baldridge.

On April 4, 1994, the trial court entered its judgment granting summary judgment in favor of appellees. Appellant filed a timely notice appeal and now presents four assignments of error.

At the outset, we note that although appellant sets forth four assignments of error, he only argues his second assignment of error separately as required by App.R. 16(A). Appellant also raises several issues under the first part of his brief but fails to reference the assignment of error to which these issues relate as required by App.R. 16(A). Accordingly, we shall proceed in sequence and pursuant to App.R. 12(A)(2) consider only appellant's first and second assignments of error.

In appellant's first and second assignments of error, he argues that the trial court erred in granting appellees' motion for summary judgment and in denying his motion for summary judgment. Civ.R. 56(C) governs summary judgment motions and provides that:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that summary judgment may be granted when "(1) No genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

"The burden of demonstrating that no genuine issue exists as to any material fact falls upon the moving party requesting a summary judgment." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. This forces "the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. The nonmoving party may not rest upon the allegations or denials of his pleadings, rather he must set forth facts, by affidavit or otherwise, showing that there is a genuine issue for trial. Civ.R. 56(E); *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

Under the first assignment of error, appellant argues that summary judgment should have been granted in his favor because decedent and Mrs. Baldridge failed to comply with R.C. 4511.25, which governs lanes of travel upon roadways, and R.C. 4511.202, which governs the operation of a motor vehicle without reasonable control and, thus, were negligent as a matter of law. Appellant asserts that this negligence *per se* was the proximate cause of the collision which caused his injuries, and that the defense of sudden emergency is inapplicable to the instant case.

We disagree. It is well established that negligence *per se* does not always equate to liability *per se*. *Hitchens v. Hahn* (1985), 17 Ohio St.3d 212, 214, 17 OBR 447, 448–449, 478 N.E.2d 797, 799; *Merchants Mut. Ins. Co. v. Baker* (1984), 15 Ohio St.3d 316, 318, 15 OBR 444, 445–446, 473 N.E.2d 827, 828–829. Under certain circumstances, a motorist may avoid liability for injuries resulting from his failure to comply with a safety statute regulating the operation of a motor vehicle. The standard for determining when these circumstances exist to preclude liability was established in *Lehman v. Haynam* (1956), 164 Ohio St. 595, 59 O.O. 5, 133 N.E.2d 97, wherein the Supreme Court of Ohio held that:

"Where the driver of an automobile is suddenly stricken by a period of unconsciousness which he has no reason to anticipate and which renders it impossible for him to control the car he is driving, he is not chargeable with negligence as to such lack of control." *Id.*, paragraph two of the syllabus.

This court summarized this standard in *Mapes v. Opper* (1983), 9 Ohio App.3d 140, 9 OBR 205, 458 N.E.2d 892, wherein we stated that:

"The general rule is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence. *Scott v. Marshall* (1951), 90 Ohio App. 347 [48 O.O. 12, 105 N.E.2d 281]; *Stremanos v. Cleveland Transit Co.* (App.1947), 50 Ohio Law Abs. 123 [77 N.E.2d 504].

" 'In a negligence action, the so-called "emergency doctrine" applies only where there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation and does not comprehend a static condition which lasted over a period of time.' *Miller v. McAllister* (1959), 169 Ohio St. 487 [8 O.O.2d 485, 160 N.E.2d 231], paragraph six of the syllabus.

"In order to avoid liability for injuries resulting from his failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways, a motorist must show that something over which he had no control, or an emergency not of his own making, made it impossible for him to comply with the statute. A self-created emergency, one arising from his own conduct or from circumstances under his control, cannot serve as an excuse. *Oechsle v. Hart* [ (1967), 12 Ohio St.2d 29, 41 O.O.2d 215, 231 N.E.2d 306]; *Peters v. B. & F. Transfer Co.* (1966), 7 Ohio St.2d 143 [36 O.O.2d 180, 219 N.E.2d 27]; *Spalding v. Waxler* (1965), 2 Ohio St.2d 1 [31 O.O.2d 1, 205 N.E.2d 890]." *Id.*, 9 Ohio App.3d at 141, 9 OBR at 206–207, 458 N.E.2d at 894–895.

Applying this standard to the instant case, we find that appellees have met their burden of establishing the existence of a sudden emergency so as to preclude liability. It is undisputed that the decedent's vehicle crossed the center line and struck appellant's automobile, and that such conduct was in violation of R.C. 4511.25 and 4511.202. However, appellees presented undisputed evidence which supports their claim that it was impossible to comply with these safety statutes. There is evidence that decedent suffered a heart attack while driving, and that the heart attack could not have been reasonably anticipated from decedent's medical history or condition. Appellees also presented evidence that Mrs. Baldridge made efforts to steer the vehicle to the median, but her efforts were thwarted when decedent fell on her, blocking her vision and preventing her from obtaining control over the vehicle. See *Jenkins v. Morgan* (1988), 57 Ohio App.3d 40, 566 N.E.2d 1244.

Alternatively, appellant asserts that if the defense of sudden emergency is applicable, it should be abandoned in favor of strict liability against the tortfeasor. For support, appellant relies on *Canis v. Fleps* (Jan. 6, 1992), Mahoning

C.P. No. 88 CV 631, unreported, wherein the Mahoning County Court of Common Pleas held that the defendant was negligent as a matter of law and liable for plaintiff's injuries when the defendant suffered a cerebral vascular accident while operating his vehicle, causing it to collide with the plaintiff's vehicle which had stopped in a line of traffic. The court opined that it could not subscribe to the sudden emergency defense as a matter of public policy, and that a strict liability standard was the proper standard to examine sudden-loss-of-consciousness cases. *Id.* at 4.

We find appellant's argument is unpersuasive. This court is not bound by the law pronounced in *Canis,* nor are we willing to abolish the long-standing acceptance of the emergency doctrine as a legal excuse sufficient to relieve a motorist of liability under certain circumstances. This court would again indicate that this doctrine's application in Ohio was clearly stated in *Lehman* in 1956. This court had occasion to uphold it in *Mapes* in 1983. Its vitality was reiterated in *Jenkins* in 1988. It is noteworthy in this regard that certiorari in *Jenkins* was denied in 1988.

Accordingly, appellant's first assignment of error is without merit.

In the second assignment of error, appellant argues that the trial court erred in granting appellees' motion for summary judgment because the defense of sudden emergency should no longer be a viable defense for failure to comply with a specific statute. However, appellant does not articulate this argument, rather he raises an issue which is unrelated to this assigned error. More specifically, appellant asserts that there is a genuine issue of fact as to whether appellees have set forth facts establishing the sudden emergency defense, and that there are conflicting inferences to be drawn from the evidence. Since we have already addressed the viability of the emergency doctrine under the first assignment of error, we will address appellant's assertion that there are genuine issues of material fact precluding summary judgment.

As previously stated, a motion for summary judgment forces the nonmoving party to set forth facts, by affidavit or otherwise, showing that there are genuine issues of fact. *Mitseff, supra.* However, appellant has failed to present any evidence to rebut appellees' claim that it was impossible to comply with R.C. 4511.25 and 4511.202 because of a sudden emergency. There is no evidence that contradicts that decedent suffered a sudden and unexpected heart attack while driving, that decedent or Baldridge could not have anticipated the emergency, or that the emergency was not self-created.

Even if we view the evidence most strongly in favor of the appellant, we believe that reasonable minds can come to but one conclusion, and that conclusion is adverse to appellant.

Appellant's second assignment of error is without merit.

Based upon the foregoing, appellant's first and second assignments of error are without merit, and the trial court's judgment is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.