OPINION
This appeal is taken by plaintiffs-appellants Harrison L. Griffith and Edith M. Griffith from the granting of summary judgment in favor of defendants-appellees Gerald F. Hoile and Pauline M. Hoile, executor, by the Court of Common Pleas of Hancock County.
On July 11, 1994, Gerald F. Hoile was driving a vehicle when he suffered a heart attack and was rendered unconscious. Noticing that the vehicle was moving left of center, Pauline M. Hoile turned to her husband and noticed that he was either unconscious or dead. Pauline attempted to control the vehicle, but it continued to move left of center and struck Appellants' vehicle. Gerald died as a result of this heart attack. Harrison Griffith suffered injury as a result of the accident.
On July 9, 1996, Appellants filed a complaint against Gerald only. An answer was filed on August 9, 1996. On December 6, 1996, Appellants filed an amended complaint naming Pauline as executor of Gerald's estate. Appellees filed an amended answer on February 7, 1997. Appellees also filed a motion for summary judgment on the grounds that 1) appellants' complaint was barred by the statute of limitations and 2) that the accident was the result of a sudden emergency, thus prohibiting a finding that Gerald was negligent. Appellants filed their answer to appellees motion on February 21, 1997. On July 22, 1997, the trial court found that the complaint was not barred by the statute of limitations, but that the accident resulted from a sudden emergency. Therefore, the trial court granted summary judgment to appellees. Appellants filed a notice of appeal on August 4, 1997. Appellees filed notice of their cross-appeal on August 15, 1997.
Appellants raise the following assignments of error.
 The trial court erred in failing to apply strict liability for the admitted violation of R.C. 4511.25.
 The trial court erred in ruling that, under the facts of this case, the so-called emergency doctrine precluded liability on the part of the defendants.
Appellees raised the following assignment of error.
 The trial court erred in overruling appellees' motion for summary judgment on the ground that appellants' complaint was time barred.
When reviewing the ruling on a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. Midwest Specialties, Inc. v. FirestoneTire Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. Bostic v. Connor (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.
Appellants' first assignment of error claims that the trial court should have applied strict liability for a violation of R.C.4511.25. R.C. 4511.25 requires vehicles to be driven on the right half of the road. The parties do not dispute that appellees' vehicle crossed the center line and struck appellants' vehicle on the left side of the road. The only question is whether appellees should be liable strictly for the injuries caused.
The Supreme Court of Ohio laid out the standard for finding an exception to liability in automobile accidents in Lehman v.Haynam (1956), 164 Ohio St. 595, 133 N.E.2d 97.
 Where the driver of an automobile is suddenly stricken by a period of unconsciousness which he has no reason to anticipate and which renders it impossible for him to control the car he is driving, he is not chargeable with negligence as to such lack of control.
Id. at syllabus.
 It is well established that negligence per se does not always equate to liability per se. * * * Under certain circumstances, a motorist may avoid liability for injuries resulting from his failure to comply with a safety statute regulating the operation of a motor vehicle.
Fitas v. Estate of Baldridge (1995), 102 Ohio App.3d 365, 368,657 N.E.2d 323, 325. A review of authority does not reveal any support for applying a strict liability standard in a case where an unforeseen physical disability creates a state of unconsciousness resulting in an accident. Therefore, we find no reason to apply strict liability in this case. Appellants' first assignment of error is overruled.
Appellants' second assignment of error claims that the trial court erred in finding that the sudden emergency doctrine applies. The sudden emergency doctrine was set forth by the Supreme Court of Ohio in Lehman, supra. In the syllabus of Lehman, the Court held the following:
 Where the driver of an automobile is suddenly stricken by a period of unconsciousness which he has no reason to anticipate and which renders it impossible for him to control the car he is driving, he is not chargeable with negligence as to such lack of control.
 Where in an action for injuries arising from a collision of automobiles the defense of the defendant driver is that he was suddenly stricken by a period of unconsciousness, which rendered it impossible for him to control the car he was driving and which he had no reason to anticipate or foresee, the burden of proof as to such defense rests upon such driver.
Id. at syllabus.
Recently, the Eleventh District Court of Appeals addressed a case similar to the one before us. In Fitas v. Estate ofBaldridge (1995), 102 Ohio App.3d 365, 657 N.E.2d 323, Baldridge had a medical history of heart problems and had undergone bypass surgery several years prior. Baldridge became unconscious due to a heart attack and died while driving. His wife attempted to keep the car in the appropriate lane and failed, resulting in a collision with Fitas' car. Fitas brought suit to recover for his injuries and the Baldridge's estate moved for summary judgment. Attached to the motion for summary judgment was a death certificate listing coronary artery disease and arteriosclerosis as the immediate cause of death, an affidavit of Mrs. Baldridge stating that her husband had not mentioned any problems or seemed ill since his bypass surgery, and an affidavit of the family physician stating that the heart attack was sudden and could not reasonably have been anticipated from a medical point of view. Based on this evidence, the appellate court held that the undisputed evidence showed that a sudden emergency that could not have reasonably been foreseen existed. Therefore, the court found that the Baldridge estate was not liable for the damages.
This case has very similar facts. Gerald had a prior history of heart related problems and had undergone surgery. The autopsy indicated that he had died of severe coronary vessel disease that occurred prior to the auto accident. Pauline's affidavit indicated that Gerald had seemed healthy prior to this heart attack and had experienced no symptoms to indicate a problem with his heart since his last surgery in 1990. She also stated that Gerald had never complained of any problems and had never experienced any previous blackouts. The first indication she had that Gerald was ill was when he died while driving the car immediately proceeding the accident. The family physician's affidavit indicated that he had no reason to suspect that Gerald would have another heart attack and had not restricted his activities in any way. In addition, the doctor's affidavit stated that "[w]ithin a reasonable degree of medical probability, the heart attack suffered by Mr. Hoile on July 11, 1994, was sudden, and the timing of the attack could not have been reasonably anticipated from a medical standpoint."
 "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 046, 47[.]
* * *
 It should be noted that placing the above-mentioned requirements on the moving party does not mean the non-moving party bears no burden. Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party. Civ.R. 56(E) provides in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."
Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798,801.
Here, appellants have provided no evidence to support their claim. Appellants merely state that the issue of foreseeability was still a genuine issue of material fact because the affidavits indicated that Gerald should have known that he was a candidate for a heart attack because of his prior heart related health problem. However, this logic is unpersuasive. Viewing the affidavits in a manner most favorable to appellants, there is no support for the claim that Gerald should have foreseen that a heart attack was imminent. All the evidence presented states that he had no indication and his physician did not perceive a risk. Gerald had received regular check-ups and was taking his medication. All indications were that he had no symptoms or other indications that he would have a heart attack. Therefore, there is no evidence to support the idea that the foreseeability of the attack was a genuine issue of material fact in dispute. Appellants' second assignment of error is overruled.
On cross-appeal, appellees argue that the trial court should not have allowed appellants to file amended complaints as they were barred by the statute of limitations. Since we have affirmed the trial court's grant of summary judgment to appellants, this assignment of error, and thus the cross-appeal, is moot.
The judgment of the Court of Common Pleas of Hancock County is affirmed.
Judgment affirmed.
EVANS and HADLEY, JJ., concurs.