OPINION
Edward B. Smith ("appellant") appeals the September 29, 2000 judgment entry by the Geauga County Court of Common Pleas, Juvenile Division, finding him a juvenile traffic offender. For the following reasons, we affirm the lower court.
On June 7, 2000, at approximately 4:00 p.m., appellant, seventeen years old, was operating a motor vehicle westbound on Thwing Road in Chardon Township, Geauga County, Ohio. As appellant rounded the first set of curves, which winded to a downgrade slope, he observed what he thought was "a large dog or small deer" in the westbound lane. Appellant swerved left and then right, lost control, went off the road, struck a ditch and a tree, and bounced off, coming to a final rest in the westbound lane. At the time of the accident, the road was dry and traffic was light to moderate. Appellant was very familiar with Thwing Road since he had driven it many times. Appellant sustained three fractured bones and totaled his vehicle.
Appellant was issued a citation, charging him with operating a motor vehicle without reasonable control, in violation of R.C. 4511.202. Appellant entered a plea of "not true." On August 23, 2000, an adjudicatory hearing commenced before a magistrate. In a decision filed August 28, 2000, the magistrate determined that appellant failed to prove the affirmative defense of "sudden emergency" and that the prosecution proved, beyond a reasonable doubt, that appellant failed to control his vehicle pursuant to R.C. 4511.202. Specifically, the magistrate found that appellant's speed, forty-five to fifty m.p.h. in a thirty-five m.p.h. zone, was prima facie unlawful, and such speed, on a curved and downward-sloped road in a rural residential area, where appellant knows deer and other animals may be present, was excessive and unreasonable.[1]
The magistrate's decision also indicated that a dispositional hearing would be held.
Subsequently, the magistrate held a dispositional hearing.[2] The magistrate's decision was filed on August 31, 2000, in which the magistrate reiterated that, on August 28, 2000, appellant was found to have violated R.C. 4511.202, making him a juvenile traffic offender. The magistrate ordered appellant to pay a $50 fine and suspended his driver's license for thirty (30) days without privileges.
On September 14, 2000, appellant filed objections, arguing he met his burden of proof. Thereafter, on September 18, 2000, the state filed a brief in opposition, claiming appellant's objections were untimely and not supported by a transcript.[3]
In a judgment entry filed September 29, 2000, the juvenile court stated that it reviewed appellant's objections, but did not find them to be well taken. The juvenile court stated that the evidence supported the magistrate's findings of fact and that there were no errors in the magistrate's application of law to those factual findings. The court did not comment on the state's argument concerning the untimeliness of appellant's objections. Adopting the magistrate's decisions, the juvenile court determined that appellant was a juvenile traffic offender, violating R.C. 4511.202. The court ordered appellant to pay the $50 fine and suspended his license for thirty days without privileges.
On October 26, 2000, appellant filed a timely notice of appeal, asserting the following assignments of error:
 "[1.] The Trial Court erred to the prejudice of the Appellant by approving and adopting a Magistrate's decision as its own where, in a prosecution under R.C. 4511.202 relating to maintaining control over a vehicle, the Appellant proved by a preponderance of the evidence he was confronted with a sudden emergency and was not otherwise at fault for losing control of a motor vehicle.
 "[2.] The trial court's judgment affirming the Magistrate's Decision was against the manifest weight of the evidence where there was no evidence Appellant was otherwise at fault regarding the accident, including no evidence he allegedly operated his vehicle over the prima facie speed limit on the curve where the accident occurred."
 In appellant's first assignment of error, appellant contends the court erred in concluding that he did not sustain his burden regarding his affirmative defense because it was not proven that he was exceeding the speed limit when he entered the curves. Appellant posits that, even assuming that he exceeded the prima facie speed limit, he was not per se "otherwise at fault" because there was no evidence to demonstrate that his speed caused or contributed to his loss of control. Finally, appellant argues the judgment was not supported by sufficient evidence because he satisfied his burden of proof regarding the sudden emergency defense.
In appellant's second assignment of error, appellant avers the judgment was against the manifest weight of the evidence because it was predicated upon a faulty presumption since there was no evidence to show that he exceeded the speed limit and that he could not handle the curves absent the sudden emergency.
Due to the fact that appellant's assignments of error contain overlapping arguments, we will address the merits of appellant's assignments of error collectively. Briefly, in appellant's first assignment of error, appellant argues the judgment was not supported by sufficient evidence. Despite the fact that juvenile court proceedings are "civil" and operate in a separate system, there are criminal aspects to juvenile court proceedings. In re Anderson (2001), 92 Ohio St.3d 63,65-66. This court and other courts have applied the Crim.R. 29 standard when reviewing a sufficiency of the evidence argument on appeal. See Inre Sechler (Aug. 29, 1997), Trumbull App. No. 96-T-5575, unreported, 1997 Ohio App. LEXIS 3886; In re Hedrick (Mar. 1, 2001), Adams App. No. 00CA697, unreported, 2001 Ohio App. LEXIS 1016; In re Shubutidze (Mar. 8, 2001), Cuyahoga App. No. 77879, unreported, 2001 Ohio App. LEXIS 996. However, in order to preserve a sufficiency of evidence argument on appeal, an accused must move for a motion for an acquittal at trial.State v. Barksdale (June 22, 2001), Lake App. No. 2000-L-088, unreported, 2001 Ohio App. LEXIS 2808; see, also, State v. Roe (1989),41 Ohio St.3d 18, 25. Upon review of the transcript of the adjudicatory hearing, appellant did not move for a motion for acquittal at any time. Further, there is no indication from the transcript that appellant even impliedly raised an argument at the close of the evidence by either side, pertaining to the sufficiency of the evidence presented as to his charge of operating a motor vehicle without reasonable control. Clearly, appellant did not properly preserve a sufficiency of the evidence argument for appeal.
Next, in the case sub judice, the magistrate issued two separate decisions on August 28, 2000 and August 31, 2000, concerning the adjudication hearing and the disposition hearing, respectively. Appellant's objections, filed September 14, 2000, raised issues concerning the factual findings and conclusions of law from the adjudicatory hearing from which the magistrate filed his decision on August 28, 2000. The prosecution's brief in opposition to appellant's objections argued that the objections were not timely because they addressed the findings of fact and conclusions of law from the August 28, 2000 magistrate's decision, not the August 31, 2000 magistrate's decision concerning the dispositional hearing. The trial court did not make any reference to the prosecution's argument concerning the timeliness of appellant's objections. Rather, the trial court, in its judgment entry, stated that it considered and reviewed appellant's objections, but was overruling them.
Juv.R. 40(E)(3)(a) provides that a party may file written objections to a magistrate's decision within fourteen (14) days after the filing of that decision. In the instant appeal, neither party raises argument concerning the timeliness or untimeliness of appellant's objections. Therefore, the issue is not before us. Further, no cross-appeal was filed by the prosecution. Without addressing the timeliness or untimeliness of appellant's objections, even if objections to a magistrate's decision are untimely filed, a trial court may consider themsua sponte provided the trial court has not entered a final judgment.Gorombol v. Gorombol (Aug. 9, 1996), Lake App. No. 95-L-036, unreported, 1996 Ohio App. LEXIS 3366, at 3, citing Baker v. Baker (1990),68 Ohio App.3d 402, 405. A trial court is ultimately responsible to critically review a magistrate's decision because a magistrate's decision becomes effective only when adopted by a trial court. Juv.R. 40(E)(4)(a). Additionally, in the case before us, there was no prejudice to the prosecution since appellant's objections were overruled by the juvenile court.
At this time, we will address the merits of appellant's remaining arguments. This court has held that not every unexpected occurrence is a "sudden emergency" because some unexpected occurrences arise from a driver's own conduct or from circumstances under his control and cannot serve as an excuse. Fitas v. Estate of Baldridge (1995),102 Ohio App.3d 365, 369, citing Oechsle v. Hart (1967), 12 Ohio St.2d 29,34. In establishing the "sudden emergency" defense, an individual must demonstrate, by the greater weight of the evidence, that the emergency was not the result of any fault of his own or circumstances under his control and that he exercised such care as a reasonably prudent person would under the same or similar conditions. Minnis v. Cornelius (Sept. 22, 2000), Lake App. No. 99-L-118, unreported, 2000 Ohio App. LEXIS 4358, at 9, citing Radecki v. Lammers (1968), 15 Ohio St.2d 101, paragraph two of the syllabus.
In the case before us, while at the Geauga Regional Medical Center, appellant gave an oral police statement, which Trooper Huggins wrote out and appellant signed. In his statement, appellant states:
 "*** I was driving westbound on Thwing Road. My speed was about 45-50 MPH. I saw an animal in the roadway and swerved to miss it. *** [I was driving] 45-50 MPH. *** [A]fter I swerved [,] I could not gain control after that. ***" (Emphasis added.)
 Appellant acknowledged that he was traveling at a speed of forty-five to fifty miles per hour when he observed the animal in the road and swerved to miss it. Traveling at a speed in excess of the posted speed limit is prima facie unlawful. R.C. 4511.21(C). Although the exhibit referenced by Trooper Huggins during the adjudicatory hearing is not before us, Trooper Huggins testified that, using a rolling tape measure, the point from where the skid marks began to where the vehicle rested was approximately two hundred ninety (290) feet. As the magistrate stated in his August 28, 2000 decision, traveling in excess of the posted speed limit on a curving and downward-sloping rural road, where it is known by a driver that animals may be present, is excessive and unreasonable for the conditions. Appellant failed to demonstrate circumstances, which would meet his burden of proof for the sudden emergency defense. If credible evidence exists to support a juvenile court's finding, then that finding will not be disturbed on appeal. In re Hederson (1986), 30 Ohio App.3d 187, 190.
Finally, as to appellant's argument that the trial court's judgment was against the manifest weight of the evidence, a "manifest weight" argument contests the believability of the evidence presented. See State v.Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 1994 Ohio App. LEXIS 5862, at 4. In addressing a manifest weight of the evidence argument, an appellate court must review the entire record, weigh the evidence and all reasonable inferences from it, consider the credibility of any witness, and decide whether in resolving the conflicts in the evidence, the trier of fact lost its way and created a manifest miscarriage of justice. State v. Thompkins (1997), 78 Ohio St.3d 380,387. The issue when reviewing a challenge to the manifest weight of the evidence is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." State v. Nields (2001), 93 Ohio St.3d 6, 25, quotingState v. Getsy (1998), 84 Ohio St.3d 180, 193-194. When reviewing a manifest weight challenge, an appellate court sits as a "thirteenth juror." Thompkins, supra.
In the case before us, appellant's manifest weight of the evidence argument is without merit. Upon review of the record, based on the evidence and reasonable inferences to be drawn from it, the juvenile court, acting as trier of fact, did not lose its way and create a manifest miscarriage of justice. There exists substantial evidence upon which the trier of fact could reasonably conclude that appellant failed to prove the affirmative defense of sudden emergency and that appellant was at fault for losing control of his vehicle. As stated above, appellant acknowledged that he was traveling at a speed in excess of the speed limit when he observed the animal in the road and swerved to miss it.
For the foregoing reasons, appellant's two assignments of error are without merit. The decision of the Geauga County Court of Common Pleas, Juvenile Division, is hereby affirmed.
JUDGE DIANE V. GRENDELL, FORD, P.J., CHRISTLEY, J., concur.
[1] At the point where the curves begin on Thwing Road, the posted speed limit changes from forty-five to thirty five m.p.h.
[2] The magistrate's August 28, 2000 decision states the matter was set for a dispositional hearing on September 1, 2000; however, the magistrate's decision, pertaining to the dispositional hearing was filed on August 31, 2000.
[3] The following day, September 19, 2000, appellant filed a motion to extend the time to provide the court with a transcript to accompany his objections. This motion was granted.