DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Toledo Municipal Court.
On July 3, 2000, appellant, State Farm Mutual Automobile Insurance Company, filed a negligence action against appellee, Barbara Sutton. Appellant alleged that appellee's negligent operation of her automobile caused approximately $9,000 in damages to the automobile leased by appellant's insured, Bonita Geis.
Larry Geis testified in a deposition that on January 10, 2000 he was driving his wife's 1999 Honda CRV when he was involved in an accident. Geis testified that he was behind a car that had stopped at a stop sign located at the intersection of Detroit and Sherwood Avenues. As the car in front of him proceeded into the intersection, Geis saw that the car stalled. Geis assumed the driver of the car would back up onto Sherwood Avenue. Instead, the car "shot forward" into the intersection and into the path of Barbara Sutton's car which was proceeding south on Detroit Avenue. Geis testified that Sutton turned her steering wheel to the right in an effort to avoid a collision with the other car. In doing so, Sutton's car swerved into Geis's car. The driver of the car that had entered the intersection did not stop after the accident. Geis testified that Sutton was not to blame for the accident because "she didn't have anywhere to go."
Appellee testified in a deposition that she swerved into the Geis car after another car pulled out in front of her as she, with the right of way, was driving southbound on Detroit Avenue. Appellee estimated that she was traveling twenty m.p.h. She testified that she had two choices. She could hit the car head on or she could apply her brakes and turn her wheel to avoid hitting the car. She chose the later.
Appellee filed a motion for summary judgment which was granted on June 25, 2001. Appellant now appeals setting forth the following assignments of error:
 "I. GENUINE ISSUES OF MATERIAL FACT DO EXIST. THEREFORE IT WAS ERROR FOR THE COURT TO GRANT DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 "II. THE QUESTION OF WHETHER OR NOT THE `SUDDEN EMERGENCY' DEFENSE WAS APPLICABLE TO DEFENDANT-APPELLEE IS A QUESTION FOR THE JURY AND THEREFORE IT WAS ERROR FOR THE COURT TO GRANT SUMMARY JUDGMENT TO THE DEFENDANT."
Appellant's two assignments of error will be addressed together.
The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. _Lorain Natl. Bankv. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
In her motion for summary judgment, appellee argued she was not responsible for the accident because of a "sudden emergency."
 "`The general rule is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence. Scott v. Marshall (1951), 90 Ohio App. 347
[48 Ohio Op. 12, 105 N.E.2d 281]; Stremanos v. Cleveland Transit Co. (App. 1947), 50 Ohio Law Abs. 123 [77 N.E.2d 504].
 "`In a negligence action, the so-called "emergency doctrine" applies only where there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation and does not comprehend a static condition which lasted over a period of time.' Miller v. McAllister (1959), 169 Ohio St. 487 [8 Ohio Op. 2d 485, 160 N.E.2d 231], paragraph six of the syllabus.
 "`In order to avoid liability for injuries resulting from his failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways, a motorist must show that something over which he had no control, or an emergency not of his own making, made it impossible for him to comply with the statute. A self-created emergency, one arising from his own conduct or from circumstances under his control, cannot serve as an excuse.' Oechsle v. Hart [(1967), 12 Ohio St.2d 29, 41 Ohio Op. 2d 215, 231 N.E.2d 306]; Peters v. B. F. Transfer Co. (1966), 7 Ohio St.2d 143
[36 Ohio Op. 2d 180, 219 N.E.2d 27]; Spalding v. Waxler (1965), 2 Ohio St.2d 1 [31 Ohio Op. 2d 1, 205 N.E.2d 890]. Id., 9 Ohio App.3d at 141, 9 Ohio B. Rep. at 206-207, 458 N.E.2d at 894-895." Fitas v. Estate of Baldridge, (1995), 102 Ohio App.3d 365, 369.
Appellant argues that the there exists a genuine issue of material fact regarding appellee's speed at the time of the collision and her lack of control of her automobile. In sum, appellant argues that the amount of damage to the Geis automobile suggests that appellee was speeding and therefore negligent at the time of the collision.
The undisputed facts are as follows. The accident occurred during the daytime while the pavement was dry. Appellant's insured testified that appellee was not at fault. Appellee testified she was driving within the speed limit when an unidentified car pulled out in front of her. Appellant State Farm presented no evidence to support their contention that the amount of damage to the Geis automobile is proof that appellee was speeding. Finding no genuine issue of material fact, appellant's two assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.