OPINION
{¶ 1} Plaintiff-appellant, Western Reserve Mutual Casualty Company ("Western Reserve"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Virginia Clear. Western Reserve assigns a single error:
The trial court erred in granting defendant's motion for summary judgment.
Because a genuine issue of material fact exists, we reverse.
 {¶ 2} As subrogee of its insured, Stacy Bishof, Western Reserve commenced this action against defendant to recover for damages its insured sustained as a result of defendant's allegedly negligent operation of a motor vehicle. Finding no genuine issues of material fact in applying the sudden emergency defense to obviate defendant's alleged liability, the trial court granted defendant's summary judgment motion and entered judgment accordingly. On appeal, Western Reserve asserts the trial court erred in concluding no genuine issues of material fact exist.
 {¶ 3} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 4} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), to affirmatively demonstrate that the non-moving party has no evidence to support the non-moving party's claims. Id. Vahilav. Hall (1997), 77 Ohio St.3d 421. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.Dresher, at 293.
 {¶ 5} The parties do not dispute that defendant's vehicle collided with Bishof's vehicle. Defendant, however, asserts she is free of liability through application of the "sudden medical emergency" defense. The issue on appeal is whether that defense applies as a matter of law to the facts of this case.
 {¶ 6} The affirmative defense of sudden unconsciousness provides that, where "the driver of an automobile is suddenly stricken by a period of unconsciousness which [she] has no reason to anticipate and which renders it impossible for [her] to control the car [she] is driving, [she] is not chargeable with negligence as to such lack of control."Lehman v. Haynam (1956), 164 Ohio St. 595, paragraph two of the syllabus. The Ohio Supreme Court recently reaffirmed this defense inRoman v. Estate of Gobbo, 99 Ohio St.3d 260, 2003-Ohio-3655 (applying defense where the defendant suffered fatal heart attack). In invoking the defense, the defendant has the burden to demonstrate that (1) unconsciousness rendered control of the vehicle impossible, and (2) the unconsciousness was unforeseeable. Id.
 {¶ 7} The Ohio Supreme Court has stated that "many cases in which sudden medical emergency is raised as a defense to negligence are not well suited to resolution by summary judgments or directed verdicts, but must proceed to trial, where it is incumbent upon the factfinder to determine whether the requirements of the defense have been met." Roman,
¶ 58 (upholding jury verdict for defendant premised on sudden medical emergency in the form of a heart attack where no evidence suggested the defendant took any evasive action or applied his brakes prior to the collision). Similarly stated, "the question of whether or not a defendant was unconscious at the moment the accident occurred is almost entirely based on the credibility of the defendant, because no one else can really verify that fact. Credibility issues are not resolved as a matter of law, but are left to the trier of fact to determine." Ciccarelli v.Miller, Mahoning App. No. 03MA60, 2004-Ohio-5123, ¶ 35, citing Lehman,
supra. Lehman rejected the argument that a defendant's assertion that he or she was unconscious must be believed as a matter of law: "It would be an unrealistic situation if a driver claiming that he blacked out must be believed as a matter of law, because another driver could not positively say that the first driver did not black out." Id. at 601.
 {¶ 8} Here, defendant worked as a registered nurse at Central Ohio Psychiatric Hospital. After finishing her shift on July 22, 2002, defendant started for home on northbound Interstate 71. According to defendant's affidavit, she felt fine on the day of the accident and had no history of stroke, transient eschemic attacks, seizures, syncopes, or any other neurological defects. Defendant's affidavit further asserts that as she was driving home, she lost consciousness, rendering it impossible to control her vehicle prior to the collision. Defendant maintains she does not remember anything until after the collision, when a man approached defendant's vehicle and told her help was on the way. Thereafter, an ambulance transported defendant to Riverside Hospital. Defendant was diagnosed with syncope, or unconsciousness from an unknown cause. Defendant did not present any expert testimony in support of her summary judgment motion.
 {¶ 9} At the time of the accident, defendant was taking at least nine prescription medications for health conditions, including, but not limited to, high blood pressure, diabetes, and asthma. Four days prior to the accident, defendant's doctor raised her dosage for Clonidine, a blood pressure medication known to cause unconsciousness in some individuals. Less than two months after the accident, defendant underwent quadruple bypass surgery. Defendant has undergone a number of additional surgeries for a variety of conditions.
 {¶ 10} Although Western Reserve argued in the trial court that defendant's affidavit was insufficient to establish unconsciousness, the trial court found Western Reserve offered no evidence to rebut defendant's sworn statement that she was unconscious at the time of the collision. The trial court further concluded defendant's unconsciousness was not foreseeable, as defendant had no previous episodes and thus had no reason to anticipate a blackout, despite her numerous medications.
 {¶ 11} On appeal, Western Reserve contends a genuine issue of material fact precludes the trial court's determination that defendant was unconscious immediately prior to the collision. Western Reserve points to defendant's deposition testimony, where defendant stated that at the point of impact, she recalls seeing a white van near the passenger side of her vehicle. In her deposition, defendant claims she lost consciousness at some point on the highway, briefly came to, noticed the van, attempted to turn the wheel, collided with the van and became unconscious again. Western Reserve contends that evidence is sufficient to create a jury question about when defendant lost consciousness and whether that unconsciousness actually rendered control of her vehicle impossible.
 {¶ 12} In Ciccarelli, the court considered whether the defendant lost consciousness before or after she pressed the accelerator in her car, causing her car to travel across five lanes of traffic; it concluded a genuine issue of fact precluded summary judgment. Ciccarelli, supra. Although the defendant's doctor submitted an affidavit stating that defendant suffered an unforeseen blackout, the court recognized the doctor had no way of knowing when the alleged blackout occurred. The only person with such knowledge was the defendant, and her deposition testimony revealed she did not remember what happened. Moreover, her testimony indicated she may have left skid marks, "which would tend to show that she was conscious enough to hit the brakes. * * * It [was] also clear that [defendant] hit her head during the collision, which could explain how and when she became unconscious." Id. at ¶ 40. In accordance with the dictates set forth in Lehman and Roman, supra, the court concluded summary judgment was inappropriate.
 {¶ 13} Similarly, in Radsick v. Estate of Kuester (July 10, 1998), Carroll App. No. 686, the court reversed summary judgment granted to the defendant. Although the defendant alleged the deceased driver suffered an unforeseen heart attack that caused her to lose control of her vehicle, evidence indicated the deceased driver failed to properly negotiate an upcoming curve in the road. The court held that when the evidence presented was viewed in a light most favorable to the non-moving party, reasonable minds could conclude the defendant lost control of her vehicle by failing to properly negotiate a curve, as opposed to suffering a heart attack. Id. Accordingly, the court found summary judgment was inappropriate. Id.; Castle v. Seelig (July 9, 1993), Huron App. No. H-92-059 (reversing a summary judgment where defendant's deposition testimony created a question of fact as to whether he lost consciousness or simply could not recall the details of the collision).
 {¶ 14} Without question, some appellate courts have concluded the sudden medical emergency defense may be decided as a matter of law. See, generally, Jenkins v. Morgan (1988), 57 Ohio App.3d 40 (upholding directed verdict where plaintiff failed to present substantial evidence to contradict the defendant's evidence that nauseous feeling, heart attack, and collision occurred within seconds of each other); Vinci v.Heimbach (Dec. 17, 1998), Cuyahoga App. No. 73440 (upholding summary judgment where defendant had an epileptic seizure and was being treated for the condition, and the record contained "no evidence of any lapse of time" between the seizure and collision). Fitas v. Estate of Baldridge
(1995), 102 Ohio App.3d 365 (upholding summary judgment where defendant suffered a fatal heart attack).
 {¶ 15} Here, however, defendant's own testimony, when construed in a light most favorable to Western Reserve, creates a question of fact about when defendant's unconsciousness allegedly occurred. Ciccarelli, supra. Specifically, defendant testified in her deposition that she lost consciousness at some point on the highway, briefly came to, noticed the van, attempted to turn the wheel, collided with the van and again became unconscious. Defendant's testimony thus suggests, through her awareness of the van's presence near her car and her attempt to avoid colliding with it, that defendant was conscious. Ciccarelli, supra. As a result, a genuine issue of material fact exists for trial in determining whether defendant was unconscious and if so, when she became unconscious.Dresher, supra.
 {¶ 16} Because a genuine issue of material fact exists as to whether defendant was unconscious prior to the collision, we remand this matter to the trial court for further proceedings. Should the trier of fact find defendant actually was conscious, the issue of foreseeability does not arise. Accordingly, we do not address the issue at this time.
 {¶ 17} Having sustained Western Reserve's single assignment of error, we reverse the judgment of the trial court and remand for further proceedings in accordance with this opinion.
Judgment reversed and case remanded.
Klatt and Bowman, JJ., concur.
BOWMAN, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. {PRIVATE}